**A. J. MIDDLETON, Appellant,**

v.

**Larry Ray VAUGHN et ux., Appellees.**

**No. 5501.**

Court of Civil Appeals of Texas,
Waco.

Dec. 11, 1975.

Woodrow F. Eason, Waco, for appellant.

Haley, Fulbright, Winniford & Bice, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from $350. judgment against him in an automobile collision case. The case was set for trial on April 14, 1975, on which date the trial court overruled defendant's motion for a continuance, heard the case and rendered judgment for plaintiff for $350.

Defendant appeals on 5 points contending the trial court abused its discretion in not granting his motion for continuance.

Plaintiffs Vaughn and wife sued defendant Middleton alleging defendant made a left turn in front of plaintiffs' vehicle causing a collision which resulted in damage to plaintiffs' vehicle. Defendant answered by general denial filed on December 6, 1974. The case was set for trial for April 14, 1975. On April 14, 1975 defendant filed amended answer alleging plaintiffs changed lanes without warning ramming their vehicle into the side of defendant's vehicle. On April 14, 1975 defendant also filed motion for continuance under oath on account of the absence of Samuel Smith, an eye witness to the collision who would testify that "plaintiff changed lanes and ran into the auto being driven by defendant"; that the witness lived in Bell County; and agreed to come to Waco to testify but just before trial date refused to come as he had not recovered from "his auto accident"; that defendant would take the witness' deposition or have the witness at a trial in Waco in 3 weeks; that defendant has used due diligence to procure testimony of the witness.

The trial court overruled the motion for continuance, heard the case without a jury, and rendered judgment for plaintiffs for $350. Defendant filed Motion for New Trial and Amended Motion for New Trial, and appeals from the overruling of such amended motion for new trial by operation of law.

Rules 251 and 252 TRCP provide among other matters that continuance may be granted for "sufficient cause"; that on an application for want of testimony the testimony must be material; that the party has used due diligence to procure the testimony; and that on first motion it is not necessary to show that the absent testimony cannot be procured from any other source.

The granting of a continuance rests in the sound discretion of the trial judge. *Hernandez v. Heldenfels*, S.Ct., 374 S.W.2d 196. The absence of a material witness is "sufficient cause", but only if proper diligence has been used to procure the testimony of the witness. *Fritsch v. J. M. English Truck Line*, S.Ct., 246 S.W.2d 856.

In Fritsch, the court holds: "Except for the statement that the witness had orally agreed to appear as a witness when called, the motion [for continuance] did not seek to excuse for failure of defendant to place the witness under subpoena", * * "nor to excuse the failure to take his deposition". Rules 176 et seq. and 186 et seq. authorizes the placing of witnesses residing within 100 miles of the courthouse under subpoena to compel their attendance, and authorizes the taking of depositions. These rules if utilized offer parties ready and fairly certain means of procuring the testimony of witnesses who reside within 100 miles. And they offer parties absolute protection against being forced to trial without the benefit of the testimony of material witnesses. "If parties choose to forego their rights under these rules and resort to other and less effective and less certain means of procuring the testimony of material witnesses they must be held to their own risk and with foreknowledge that they will be put to trial without the benefit of the testimony".

In the instant case defendant did not subpoena the witness and did not take his deposition, and alleged no reasons in his motion for continuance why he could not have done so.

In such circumstance we cannot hold that the trial court abused its discretion in overruling the motion.

Defendant's points and contentions are overruled.

Affirmed