Steve S. ALEXANDER, Appellant,

v.

Linn C. ALEXANDER et al., Appellees.

No. 5552.

Court of Civil Appeals of Texas, Waco.

July 22, 1976.

Steve S. Alexander, pro se.

John B. McNamara, Jr., Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an Order of the Trial Court Confirming Report of Sale of certain real estate by the Court Appointed Receiver, pursuant to a previous judgment entered in a partition suit.

Linn C. Alexander and Mozell Alexander Hesterly sued Steve S. Alexander alleging the three were joint owners of an approximate 8-acre tract of land, and praying for a partition of the property.

Trial was to a jury which determined the property was incapable of being divided in kind. The trial court rendered judgment on the verdict; finding the three parties equal owners of the property; that it was incapable of being divided in kind; and appointed C. Sam Appell Receiver to sell the property.

Thereafter the Receiver reported sale of the property for $172,000. Appellant objected to such sale contending the amount of same was not the fair market value of the property. Trial to a jury resulted in finding that $172,000. was a fair and adequate price for the property; and that the proposed sale for $172,000. was for the fair market value of the property.

The trial court entered an order on the verdict confirming the sale, and ordering conveyance by the receiver to the purchaser, upon his paying the $172,000.

Appellant Steve S. Alexander appeals on 17 points which we construe contend as follows:

1) The trial court erred in overruling appellant's motion for continuance.
2) The price offered for the property was not its fair market value.

Hearing on the Receiver's report of sale was set for September 18, 1975. The transcript reflects Appellant filed motion for continuance "because the absence of a material witness makes it unsafe for him to go to trial at this time (John Milberger)." The motion further states it is the first written motion for continuance filed herein; and that "a supporting affidavit is attached, showing sufficient cause for this continuance to be granted." The transcript contains no supporting affidavit, but does reflect the order of the trial court overruling such motion for continuance, which recites that the motion overruled was appellant's third motion for continuance.

Rules 251 and 252 TRCP provide among other matters that continuance may be granted for "Sufficient cause supported by affidavit"; that on an application for want of testimony, the testimony must be material; that the party has used due diligence to procure the testimony; and that on first motion it is not necessary to show that the absent testimony cannot be procured from any other source.

■ The granting of a continuance rests in the sound discretion of the trial judge. *Hernandez v. Heldenfels,* Tex., 374 S.W.2d 196. The absence of a material witness is "sufficient cause", but only if proper diligence has been used to procure the testimony of the witness. *Fritsch v. English Truck Line, Inc.,* 151 Tex. 168, 246 S.W.2d 856.

■ In the instant case there was no showing as to what the witness would testify to, that due diligence had been used to procure his testimony, or that his testimony could not be procured from any other source. There was no showing of any compliance with Rules 251 or 252 TRCP. *Middleton v. Vaughn,* Tex.Civ.App., Waco, NWH, 530 S.W.2d 925.

Appellant's 2nd point was not raised in his motion for new trial.

The jury found that $172,000. was a fair and adequate price for the property, and that $172,000. was a fair market value of the property. The receiver, C. Sam Appell an experienced real estate dealer in commercial properties testified he had had the

property for sale for over a year; that he had advertized it in the Waco paper some 49 times; that he had placed a number of signs on the property and showed it to a number of people; that $172,000. represented the most he was able to get for the property, and that in his opinion it was the fair market value. Walstein Smith, Jr., a real estate dealer and appraiser testified that he appraised the property and in his opinion it was worth $171,850. Appellant testified $172,000. was not fair market value of the property and that in his opinion it was worth $3.00 per square foot or about $1,032,000. Another witness concurred with appellant.

Moveover, this case is before us on a partial statement of facts. The record reflects that some 20 exhibits were admitted into evidence which have not been brought forward by appellant. In the absence of a complete statement of facts (which is appellant's burden and duty to bring forward), it must be presumed on appeal that the evidence supports the verdict and judgment of the trial court. *Baker v. Rutherford,* Tex. Civ.App., Waco, NRE, 293 S.W.2d 669; *Englander v. Kennedy,* Tex., 428 S.W.2d 806; *Levitz Furniture Co. v. State of Texas,* Tex.Civ.App., Waco, NRE, 471 S.W.2d 452.

All appellant's points and contentions are overruled. Affirmed.