McAX SIGN COMPANY, INC.,
Appellant,

v.

ROYAL COACH, INC. and Dunfey
Family Corporation, Appellees.

No. 19101.

Court of Civil Appeals of Texas,
Dallas.

Feb. 15, 1977.

Richard G. Danner, Jr., Dallas, for appellant.

Stephen R. Kirklin, Childs, Fortenbach, Beck & Guyton, Houston, for appellees.

GUITTARD, Chief Justice.

Plaintiff, McAx Sign Company, Inc., appeals from a judgment on an instructed verdict for defendants, Royal Coach, Inc. and Dunfey Family Corporation. Plaintiff complains of the rulings of the trial court in excluding certain evidence and in granting defendants' motion for instructed verdict, but it attacks only one of several grounds

stated in the motion. We affirm on the ground that plaintiff has not discharged its burden to establish that the instructed verdict cannot be sustained on any of the other grounds set out in the motion and that exclusion of the evidence is not shown to be reversible error because it is not shown to be germane to any of the several independent grounds. We hold also that the trial judge did not abuse his discretion in denying plaintiff's request for a postponement of the trial.

The suit was brought by appellant as lessor on an alleged agreement to assume the rentals payable under a written lease of an advertising sign. Defendants denied the agreement and pleaded the Statute of Frauds, Tex.Bus. & Comm.Code Ann. sec. 26.01(b)(6) (Vernon 1968), and further pleaded that plaintiff had no interest in the lease because it had been assigned to Hillside National Bank. As evidence of the alleged agreement to assume payment of the rentals, plaintiff relied on an offer and acceptance by an exchange of telegrams. Although the telegram containing the alleged acceptance was admitted without objection, it referred to terms stated in the earlier telegram, which was not produced. Secondary evidence of the contents of this earlier telegram was excluded by the trial court. Appellant complains in its first three points of the exclusion of this secondary evidence and in his fourth point complains of the instructed verdict on the ground that "there was sufficient evidence of probative value to allow the jury to consider the question of whether the Appellee had assumed the obligations under the written Lease Agreement."

Appellees' first counterpoint asserts:

Appellant has waived its right to complain of the trial court's action in granting appellees' motion for instructed verdict because appellant failed to attack in this appeal each and every independent ground contained in such motion.

In support of this counterpoint appellees argue that the points of error raised by appellant are germane only to two of the grounds included in the motion for instructed verdict and do not challenge the sufficiency of the other thirteen grounds. Consequently, appellees argue that appellant has failed to discharge its burden to establish that the instructed verdict cannot be supported on the other grounds stated. After this question was raised by appellees, appellant made no request for leave to amend its brief to include points and argument attacking the other grounds stated in the motion.

■ We agree with appellees that appellant's first four points all relate to the matter of the alleged agreement by appellees to assume the rental payments, and even if well taken, they do not establish that the instructed verdict cannot be sustained on other, independent grounds. Appellant's burden to show that the instructed verdict cannot be sustained on any of the grounds stated in the motion is established by the following cases: *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964); *Dunham and Ross Co. v. Stevens*, 538 S.W.2d 212, 214 (Tex.Civ.App.—Waco 1976, no writ); *Woodrum v. Long*, 527 S.W.2d 281, 283 (Tex.Civ.App.—Austin 1975, no writ); *Carrico v. Stop-N-Go Markets of Texas, Inc.*, 492 S.W.2d 383, 384 (Tex.Civ.App.—San Antonio 1973, no writ).

■ Some of the grounds stated in the motion for instructed verdict are obviously insufficient, such as general averments that "there is no evidence that warrants the submission of the case to the jury" and that "the evidence is wholly insufficient to warrant the submission of this case to the jury." Others are more substantial, at least on the face of the motion, and several relate to the defense that plaintiff cannot recover the rentals specified in the lease because the lease has been assigned to the Hillcrest National Bank. Appellant does not attack any of these grounds either by its points of error or in the argument under its points. This court should not undertake to search the record and investigate the authorities bearing on these independent grounds without the assistance of counsel for either party. Therefore, with respect to appellant's complaint of the instructed ver-

dict, we must hold that appellant has not discharged its burden of establishing that the instructed verdict cannot be supported on any of the other grounds set out in the motion. Consequently, appellant's fourth point is overruled.

The same principle prevents our consideration of appellant's first three points, all of which complain of exclusion of evidence offered to establish the alleged agreement. These points do not present reversible error because even if the court erred in excluding evidence bearing on the alleged agreement, the instructed verdict would still be proper if appellees were correct in the independent ground stated in their motion that appellant had no right to recover the rentals because of the assignment to Hillside National Bank. In the absence of a showing that the instructed verdict cannot properly be sustained on this ground, appellant has failed to show that the error complained of "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case," as required by Tex.R.Civ.P. 434. Consequently, the first three points are likewise overruled.

The same reasoning does not apply to appellant's fifth and sixth points, but these must be overruled for other reasons. The fifth point complains that the trial court permitted one of appellant's counsel to withdraw from the case so near to the trial date as to require delay in the interest of justice, and the sixth complains of denial of appellant's motion for a continuance on the ground that appellant's new counsel was unprepared for trial and that certain witnesses were unavailable. Both of these points concern denial of appellant's request for a postponement of the trial, which was a matter within the trial court's discretion, and we must determine whether an abuse of discretion is shown. *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex.1963).

▮ Our review of the record reveals no abuse of discretion. Counsel who had been permitted to withdraw on April 26 re-entered the case before the trial began on May 3 and participated fully with the other counsel. Thus, any error in permitting the first counsel to withdraw appears to have been rectified in the absence of a strong and specific showing of what preparations for trial might otherwise have been made. No such showing is made either in the motion for continuance or in the motion for new trial. Appellant asserted in the motion for new trial that "certain witnesses" were unavailable at the trial, but the absence of witnesses was not stated as a ground in the motion for continuance. Obviously, therefore, the motion for continuance did not comply with Tex.R.Civ.P. 252, which requires that a motion for continuance for want of testimony must show the materiality of the testimony, that the movant has used due diligence to procure the testimony, the name and address of the absent witness, and what the movant expects to prove by him. Unless all of these matters are shown specifically and by affidavit, the judge's discretion will not be overturned. *Brown v. Gage,* 519 S.W.2d 190, 192 (Tex.Civ.App.—Fort Worth 1975, no writ); *and see Middleton v. Vaughn,* 530 S.W.2d 925, 926 (Tex.Civ.App.—Waco 1975, no writ); *J. C. Penney Co. v. Duran,* 479 S.W.2d 374, 380–81 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.); *Davis v. National Acceptance Co.,* 233 S.W.2d 321, 324–25 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.). In view of the strict requirements laid down in these authorities, we hold that the conclusory allegations in appellant's motion for continuance are insufficient to establish abuse of discretion.

Affirmed.