Ethel B. JONES, Appellant,

v.

JOHN'S COMMUNITY HOSPITAL,
et al., Appellees.

No. 6278.

Court of Appeals of Texas,
Waco.

Oct. 29, 1981.

David L. Tisinger, Austin, for appellant.

Richard E. Tulk, Gibbins, Wash & Bratton, Jack D. Maroney and Wayne H. Prescott, Brown, Maroney, Rose, Baker & Barber, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Ethel B. Jones from a take-nothing judgment in a medical malpractice case.

Oscar B. Jones and wife brought this suit against Dr. Constance I. Hanna and John's Community Hospital of Taylor. Mr. Jones died after suit was filed and Ethel B. Jones his wife was substituted as plaintiff.

On February 12, 1976, Jones and his wife were involved in an automobile collision in Taylor. Jones sustained a fracture of one of his left ribs and a laceration of his left lung. He was taken to the emergency room of John's Community Hospital.

Dr. Hanna, a licensed physician who was in her third year of specialized training toward receiving her "family practice" certification, attended Jones at the request of her supervising doctor. She examined him; interpreted his electrocardiogram as being abnormal; and read his chest X-rays. In looking at the X-rays Dr. Hanna did not see that one of Jones's ribs had broken, and punctured the left lung causing a slight collapse. She told him he should be admitted to the hospital because she suspected he was having a heart attack. He refused, left the hospital against her advice and was driven to his home about forty miles away. Later in the day he was taken to a hospital in Cameron where he was treated. Thereafter he completely recovered.

Plaintiff alleged both defendants negligent in failing to procure proper X-rays; in failing to properly read and interpret the X-rays; in failing to advise Jones the X-rays indicated broken ribs; in telling Jones only that he had a problem with his heart; and in keeping inaccurate records which showed Jones was given a rib binder and pain medication, when in fact, same was ordered, but never received by Jones. Dr. Hanna and the hospital asserted she was not negligent in the manner in which she read the X-rays; that Dr. Hanna told Jones he should stay in the hospital but he refused; and even if she was in some way negligent, Jones suffered no damage because he was admitted to the Cameron hospital just a few hours after he left the John's Community Hospital emergency room.

Trial was to a jury. At the close of the evidence, the trial court granted the motion for instructed verdict of John's Community Hospital on the grounds there was no evidence Dr. Hanna was an employee of the hospital. The jury found Dr. Hanna was not negligent and that Jones sustained no damages. The trial court overruled plaintiff's motion for judgment non obstante veredicto, and rendered judgment plaintiff take nothing against Dr. Hanna and John's Community Hospital.

Plaintiff appeals on 6 points.

Contentions 1 through 3 assert the trial court erred in overruling plaintiff's motions for continuance. The case was set for trial for October 29, 1979. Thirteen days before trial, plaintiff filed her first motion for continuance. It stated plaintiff had not had sufficient time and money to complete discovery. At hearing on the motion plaintiff's attorney testified that Mrs. Jones was in poor health and would not be able to attend the trial as it was set. Taped telephone conversations between plaintiff's attorney and her doctor were introduced. In them the doctor said plaintiff's ill health would preclude her from attending the trial. The motion for continuance was overruled.

Thereafter plaintiff filed motion to reopen the hearing, alleging Mrs. Jones could not attend trial for at least six weeks because of illness; that Mrs. Jones was the only person who could rebut testimony of Dr. Hanna, and who could testify regarding

pain Mr. Jones suffered. This motion was overruled.

On October 30, plaintiff filed a supplemental motion for continuance supported by an affidavit from her doctor stating that because of high blood pressure and circulatory problems, any undue anxiety or stress could be fatal to Mrs. Jones, and that she "may be recovered sufficiently to participate in a trial in approximately six weeks". This motion was overruled just before the trial began.

Rules 251 and 252 TRCP provide among other matters that continuance may be granted for "sufficient cause"; that on an application for want of testimony the testimony must be material; that the party has used due diligence to procure the testimony; and that on first motion it is not necessary to show that the absent testimony cannot be procured from any other source. *Middleton v. Vaughn*, Tex.Civ.App. (Waco) NWH, 530 S.W.2d 925.

The granting of a continuance rests within the sound discretion of the trial judge. *Hernandez v. Heldenfels*, Tex., 374 S.W.2d 196. Mere absence of a party does not automatically entitle him to a continuance. *Erback v. Donald*, Tex.Civ.App. (Ft. Worth) writ ref'd WOM, 170 S.W.2d 289. While the absence of a material witness is "sufficient cause" for granting the motion, that is true only if proper diligence has been used to procure the testimony of the witness. *Fritsch v. J. M. English Truck Line, Inc.*, 161 Tex. 168, 246 S.W.2d 856; *Middleton v. Vaughn*, supra; *Alexander v. Alexander*, Tex.Civ.App. (Waco) Er.Dism'd, 540 S.W.2d 502. Furthermore, a motion for continuance may be properly denied if the motion fails to show that by the exercise of reasonable diligence a party's testimony could not have been made available by taking his deposition. *Erback v. Donald*, supra. Finally, the denial of a continuance will not be erroneous if the motion shows the absent party may never be able to attend the trial or where the motion does not show the party failed to fully testify in her deposition. *Shannon v. Marchbanks*, 35 Tex.Civ.App. 615, writ ref'd, 80 S.W. 860; *Marsh v. Williams*, Tex.Civ.App. (Beaumont) writ ref'd WOM, 154 S.W.2d 201. See also *Hooks v. Brown*, Tex.Civ.App. (Austin) NRE, 348 S.W.2d 104.

Appellant urges that the case of *Burke v. Scott*, Tex.Civ.App. (Austin) NRE, 410 S.W.2d 826, required the trial court to grant the continuance. In that case, the motion for continuance was overruled even though both the appellant and his only witness were critically ill. While the appellant's deposition was being taken, he became too ill to continue. For several months before trial, the appellant was physically unable to even confer with his attorney; thus, the fact that the deposition of the appellant could not be completed was not attributable to the appellant's negligence. The court found that under those circumstances, without the presence of one or both parties, it was impossible for appellant to proceed to trial, and thus, it was error to overrule this motion for continuance.

The facts regarding diligence in this case are: (1) the cause of action arose in 1976, and the original petition was filed in 1977. The case was originally set for trial in March 1979 but postponed by agreement to October 29, 1979; (2) plaintiff's attorney forgot that plaintiff's deposition had been taken three months before trial, and therefore, did not get a copy until October 9; (3) the attorney testified that twenty days was not sufficient time for him to go over the 78 page deposition with his client and to get her to sign it; (4) even though plaintiff's attorney had a list of doctors who were partners at the John's Clinic in June, he requested that their depositions be taken after October 10 (defendant then arranged for the depositions to be taken October 11); (5) because of a misunderstanding about the nature of the questions, the depositions were not taken October 11, but subpoenas were not requested until October 15; (6) the doctor who performed surgery on the deceased was not deposed until October 13; (7) a lung specialist, who plaintiff was to use as an expert witness, was not deposed until October 17.

In addition to showing she used diligence, the appellant must show her absence resulted to her prejudice in order to obtain a reversal on the basis of the denial of a continuance. "A reasonable excuse for the absence will not require a reversal where no prejudice is shown." *Erback v. Donald*, supra. Appellant urges there were certain material matters about which only she could testify. However, all the testimony which she claims she would have given was available in her deposition and from other witnesses. In her deposition she testified at length regarding the occurrences at the Taylor hospital, the failure of Dr. Hanna to give Mr. Jones a prescription, the pain suffered by Mr. Jones, the length of time that she and Mr. Jones stayed at the Taylor hospital and Mr. Jones's subsequent failure to completely recover from the injury. Other witnesses for plaintiff also testified as to the amount of pain Mr. Jones suffered, and the care that he received at the Cameron hospital. There is no showing plaintiff was prejudiced by the denial of the continuance.

Contentions 4 and 5 assert there is no evidence or insufficient evidence to sustain the jury's finding of no negligence of Dr. Hanna, and contention 6 asserts the trial court erred in granting the motion for instructed verdict by the Hospital.

First we think the evidence ample to sustain the jury's findings of no negligence on the part of Dr. Hanna. Second, all of the evidence is to the effect Dr. Hanna was a third-year family practice resident assigned to and under the control of the doctors who make up the John's Community Clinic and that she was not under the control or supervision of John's Community Hospital. Finally there is no challenge made as to the damage issue which found that Jones suffered no damages. Therefore the jury finding as to no damages is final and we are bound by it. *Lewis v. Isthmian Lines, Inc.*, Tex.Civ.App. (14 Houston) NWH, 425 S.W.2d 893; *Crain v. Hill County*, Tex.Civ.App. (Waco) NRE, 613 S.W.2d 367; *Boatland of Houston, Inc. v. Bailey*, Tex., 609 S.W.2d 743.

All plaintiff's points and contentions are overruled.

AFFIRMED.