**FIRST STATE BANK, BISHOP, Texas,[1] Appellant,**

**v.**

**CHAPPELL & HANDY, P.C., Appellee,**

**No. 13–86–343–CV.**

Court of Appeals of Texas, Corpus Christi.

March 26, 1987.

Rehearing Denied May 14, 1987.

---

1. This case came to us styled First State Bank, Bishop, Texas, and The Hondo National Bank. Both banks were defendants below. However, we have no jurisdiction over Hondo National Bank as it did not file its own appeal bond. *Lorig v. City of Mission,* 626 S.W.2d 183, 183 (Tex.App.—Corpus Christi 1981), *reversed on other grounds,* 629 S.W.2d 699 (Tex.1982); *Vanguard Equities, Inc. v. Sellers,* 587 S.W.2d 521, 524 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Duke v. Lloyd,* 584 S.W.2d 742, 742–43 (Tex.Civ.App.—Waco 1979, no writ); *Governing Board v. Pannill,* 561 S.W.2d 517, 520 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *Atterbury v. Bowman,* 186 S.W.2d 283, 283 (Tex.Civ.App.—Eastland 1945, no writ); *Elliott v. San Benito Bank & Trust Co.,* 137 S.W.2d 1070, 1071 (Tex.Civ.App.—San Antonio 1940, no writ).

Wayne Scott, San Antonio, Jim Vollers, Austin, for appellant.

David L. Smith, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Justice.

This is a discovery sanctions case. Appellee sued appellant on a sworn account to recover attorney's fees earned pursuant to a legal services contract. Appellant filed a sworn denial, urged lack of performance as a defense, and countersued for legal malpractice. The primary dispute in this case centered on appellee's difficulty in deposing appellant's president, Mr. William Wallace. This difficulty culminated in the trial court striking appellant's defensive pleadings and countersuit, leaving it with only a sworn denial of the sworn account. The case was submitted to a jury, which found in favor of appellee. Appellant contests the trial court's sanctions and brings five points of error. We affirm.

Appellant Bank hired David Chappell, an attorney, to represent it in several law suits stemming from an embezzlement of bank funds by some of its former officers, and from the refusal of its bonding company to pay the claims resulting from the embezzlement. It is undisputed that Mr. Wallace, an attorney, was appellant's legal counsel and chairman of the board. Mr. Wallace was the only person within appellant's organization familiar with Chappell's

representation of the bank in the bonding company litigation, from which the attorney's fees arose.

Although the record in this case contains a statement of facts, throughout the pretrial proceedings, counsel for both sides merely discussed matters, on the record, with the trial court, but did not offer sworn testimony. The content of these discussions is not evidentiary. However, at one particular hearing appellee's counsel did offer some documentary evidence, including a summary of events detailing the facts surrounding the discovery proceedings. This summary provides this Court with something more than the pleadings upon which to review this case.

Appellee filed suit in Nueces County for collection of the sworn account in October, 1984. Appellant filed a sworn denial and a countersuit in March, 1985. Trial was eventually set for February 18, 1986. Appellee maintains that it needed to depose Wallace to discover the facts surrounding appellant's defenses and countersuit. Appellee also maintains that it was necessary to depose Wallace before it deposed two other witnesses, Grant and Keith.

On July 19, 1985, appellee filed notices to depose Wallace, Grant, and Keith; with Wallace's deposition set for September 9 in Corpus Christi, Grant's deposition set for September 11 in Austin, and Keith's deposition set for September 13 in Beaumont. Wallace resided in Corpus Christi. On August 30, 1985, appellant filed a motion to quash the scheduled depositions and requested that they be set at a later date. Appellant alleged that it was necessary for Wallace to attend all the depositions as appellant's representative because he alone could "properly assist" in the taking of the depositions, but due to his medical problems he was unable to attend the scheduled depositions. Attached to this motion was a letter and affidavit from Wallace's physician detailing his poor health.[2] The letter was dated July 31, 1985, and it stated that after sixty days Wallace was expected "to

be able to rapidly resume his duties on a full-time basis." On September 5, the trial court entered an *agreed order* commanding Wallace to appear for depositions on October 21 in Corpus Christi. The out-of-town depositions were reset for October 23 and 25.

Appellee's summary of events reflects that in mid-October 1985, appellant's attorney, Mr. Carnahan, called appellee's counsel several times and discussed rescheduling Wallace's deposition for October 28 because Carnahan had another trial set for October 21. Appellee's counsel was agreeable subject to confirmation. Carnahan called again and stated that Wallace had told him that he (Wallace) would not appear on October 21 or 28 because those dates were not convenient to him. Neither Wallace nor appellant's attorney appeared on October 21.

Appellee filed a motion for sanctions for failure to appear for the deposition and requested, among other things, that appellant's pleadings be struck. A hearing was held on the motion, and, on November 21, the trial court entered an order that Wallace appear for depositions on November 26, in Corpus Christi, and that appellant pay appellee $1,504.90 for attorney's fees and costs. The order also provided that if Wallace failed to appear for deposition, then upon appellee's motion, the court would strike appellant's pleadings.

The summary of events reflects that Wallace appeared for the November 26 deposition, but refused to answer any questions regarding appellant's defenses to the sworn account or countersuit until after December 10. Apparently, Wallace contended that to answer any questions before that date might prejudice appellant's position in the bonding company litigation. Wallace agreed to fully and promptly answer written questions concerning these matters if they were submitted after December 10. Written deposition questions were submitted on December 18.

On January 13, 1986, appellee filed a motion to compel answers and for sanc-

2. Wallace's health problems involved a painful back injury and a recent hernia operation.

tions for failure to answer questions. A hearing on the motion was set for January 20, and the out-of-town depositions were again rescheduled for February 3 and 10. A few days before the hearing appellant filed written answers to the deposition questions. Appellee characterized these answers as brief, incomplete, and totally inadequate to allow preparation of a defense.

At the second hearing, appellee's counsel reiterated his need to take Wallace's deposition before those of the out-of-town witnesses. He suggested that since Wallace wanted to attend the out-of-town depositions anyway, Wallace should allow his deposition to be taken in Austin immediately before Grant's deposition. When asked if he had any objections to that suggestion, appellant's counsel stated, "I don't know if Mr. Wallace is available because this morning is the first time I heard about his deposition in Austin." Appellant's counsel made no objection based upon Wallace's health and inability to travel. He said nothing further about Wallace being ordered to depose in Austin. The trial court stated, "[W]ell, he's going to be up there. He ought to stand up for his deposition...." Appellant's attorney stated that he understood that appellee was "withdrawing his request for sanctions," in lieu of Wallace being ordered to complete his oral deposition.

The trial court entered an order stating that Wallace's written answers were insufficient and that his deposition and other discovery "should continue and therefore ... [t]he deposition ... is rescheduled for ... February 4 ... The witness is Ordered to appear [in Austin]." The order also extended appellee's discovery deadline to the date of trial (February 18), and denied all other relief sought.

On January 31, appellant filed an amended motion for continuance of discovery and trial, along with two affidavits. The affidavit of Wallace's physician stated that Wallace's injury was more severe than originally thought and that he would be unable to travel for the foreseeable future. The affidavit of appellant's attorney stated that he believed Wallace would not be physically able to participate in any of the presently scheduled depositions or the trial. He stated that Wallace was appellant's "primary counsel" and his testimony was material to the defense and counterclaim, and could not be secured from any other source. Although the record is silent, appellant's motion was apparently denied. Wallace did not appear for the February 4 deposition.

On February 5, appellee filed its third motion for sanctions requesting that appellant's defensive pleadings and countersuit be stricken, that it recover attorney's fees and cost for discovery, and that judgment be entered on the sworn account. Appellant filed a response alleging that Wallace was unable to comply with the court's order because of his health and physical limitations. Attached to the answer was an affidavit by Wallace detailing his poor physical condition.

At the hearing held on this third motion for sanctions, appellee introduced a certificate of nonappearance evidencing Wallace's failure to appear for his February 4 deposition. Appellee also introduced the summary of events regarding its various discovery attempts. As it had warned on previous occasions, the trial court struck appellant's counterclaim and defensive pleadings, except for it's sworn general denial, for violations of the discovery process and the trial court's orders.

Appellant now urges that the trial court erred in ordering Wallace to be deposed in Austin and in imposing sanctions because of appellant's failure to comply with that order. Appellant argues the trial court ordered Wallace to depose in Austin as a sanction for his refusal to complete his Corpus Christi deposition.

■ A trial court may impose sanctions on any party that abuses the discovery process. Tex.R.Civ.P. 215. Discovery sanctions imposed by a trial court are with-

in that court's sound discretion and will only be reversed if that court clearly abused its discretion. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (1986). The test for determining an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, i.e., whether the trial court acted arbitrarily or unreasonably in imposing the sanctions. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985); *Medical Protective Co. v. Glanz,* 721 S.W.2d 382, 386 (Tex.App.—Corpus Christi 1986, writ requested). Discovery sanctions must be just, and must further one of the following purposes: (1) to secure the parties' compliance with the rules of discovery; (2) to deter other litigants from violating the discovery rules; or (3) to punish parties that violate the rules of discovery. *Bodnow Corp.,* 721 S.W.2d at 840.

■ Rule 215(2)(b)(5) provides in part that, if "an officer, director, or managing agent of a party ... designated under [Rule 201(4)] fails to comply with proper discovery requests or to obey an order to provide or permit discovery," the trial court may enter an order "striking out pleadings or parts thereof...." The sanctions imposed by the trial court here are clearly authorized by Rule 215(2)(b)(5).

The record in this case reveals that appellant has consistently failed to comply with appellee's discovery requests and the trial court's orders. Both appellant and appellee agree that Wallace was the only person in appellant's organization familiar with Chappell's representation of appellant in the bonding company litigation. Therefore, Wallace was the only one who could have provided appellee with information regarding appellant's defense to the attorney's fees claim and countersuit for negligent representation. Yet, the record before us shows that Mr. Wallace refused to provide sufficient information of these matters to enable appellee to prepare its response and defense.

Wallace flagrantly ignored the trial court's agreed order of September 5, com-manding him to appear for depositions on October 21 in Corpus Christi, because the setting was not convenient. Appellant has never alleged that Wallace failed to appear at this setting due to any of his health problems. The trial court again ordered Wallace to depose in Corpus Christi on November 26. While Wallace did appear for the deposition, he refused to answer any questions relating to appellant's defense or counterclaim. Appellee, in good faith, agreed to allow Wallace to complete his deposition by answering written questions at a later date. Appellant did not seek protection from the court against any question posed by appellee. Mr. Wallace then failed to adequately answer those written questions.

■ When ruling on a motion for sanctions, a trial court is not limited to considering only the specific violation for which sanctions are sought, but is entitled to consider other matters which have occurred throughout the litigation. *Glanz,* 721 S.W.2d at 388; *see also Downer,* 701 S.W.2d at 241. When appellee sought sanctions for Mr. Wallace's failure to attend the October 21 deposition, when Mr. Wallace refused to answer questions at the November 26 depositions, and when Mr. Wallace failed to answer written questions, the trial court was clearly authorized to strike appellant's pleadings at each point of the discovery process. *See generally Kidd Pipeline and Specialities, Inc. v. Campagna,* 712 S.W.2d 238 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Instead, the trial court, showing an abundance of patience and obvious respect for attorney Wallace's health, denied appellee's motion for sanctions, and ordered a continuation of discovery. The trial court warned appellant of the consequences of noncompliance. The trial court in effect gave the appellant another chance. The record shows that there was a proper reason for ordering Mr. Wallace to depose at a seemingly distant location in Austin. We hold that the trial court was well within its discretion in striking appellant's pleadings

for this and/or any one of a number of appellant's previous discovery violations.

■ Appellant argues the trial court erred in ordering Wallace to depose in Austin because that was not a reasonable place to take the deposition and there was no good cause justifying the order. The record, as we have indicated, reflects the contrary. Appellee had set Wallace's deposition to be taken in his county of residence no less than four times, without success. Although not in evidence, the record clearly reflects that the parties and the trial court knew that Mr. Wallace was partially deaf and that appellee had already arranged to have a hearing device present in Austin, which would assist Mr. Wallace in the taking of the depositions.

Appellant also argues that Tex.R.Civ.P. 201(5) requires deponents designated by organizations to be deposed only in the county where the suit is pending, and, thus, the trial court erred in ordering Wallace to depose in Austin.

A trial court has great latitude in ordering discovery, and those orders will not be reversed absent an abuse of discretion (i.e., the trial court's action is arbitrary and unreasonable). *Kidd Pipeline*, 712 S.W.2d at 241. In light of the numerous other attempts at deposing Wallace in Nueces County, Wallace's insistence on being present at Grant's deposition, and the impeding trial setting, we cannot say that the trial court erred in ordering Wallace to depose in a county other than the one in which the suit was pending. The trial court went to great lengths to oblige the appellant Bank and Mr. Wallace.[3] Appellant should not now be heard to complain that the trial court gave it one last chance. Points of error one, two and three are overruled.

By its fourth point of error, appellant contends the trial court abused its discre-

tion in overruling it various motions for continuance. On the day of trial, appellant urged another motion for continuance. Appellant points to the uncontroverted medical evidence that Wallace was physically unable to travel or to participate in trial.

The granting or denial of a motion for continuance lies within the discretion of the trial court, and any denial of such a motion will not be disturbed absent a clear abuse of discretion. *State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984); *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963). The absence of a material witness is "sufficient cause" for granting a continuance only if proper diligence has been used to procure the testimony of the witness. *Jones v. John's Community Hospital*, 624 S.W.2d 330, 332 (Tex.App.— Waco 1981, no writ). It is not an abuse of discretion to deny a motion for continuance if the motion shows the absent party may never be available to attend trial.

There can be no doubt that Wallace's testimony would have been material to appellant's case. According to the affidavit of Wallace's doctor, Wallace would not be able to attend trial or travel for an indefinite period of time. Although appellant's attorney knew of Wallace's ill health long before the trial setting, he made no attempt to depose Wallace at home or anywhere else. *See One 1984 Ford v. State*, 698 S.W.2d 279, 282 (Tex.App.—Fort Worth 1985, no writ); Tex.R.Civ.P. 252.

On the contrary, appellant resisted appellee's deposition attempts at every turn. Wallace was physically able to attend the November deposition. His failure to complete that deposition was not due to his ill health, but to his own refusal to answer questions. He even failed to answer the written deposition questions submitted to him.

Appellant's reliance on *Burke v. Scott*, 410 S.W.2d 826 (Tex.Civ.App.—Austin

---

3. "We need judges ... with the humility born of wisdom, patient and untiring in the search for truth, and keenly conscious of the evils arising in a workaday world from any unnecessary delay...." A. Vanderbilt, "The Challenge of Law Reform," 11–12 (1955), in *Handbook for Judges* 104 (D. Carroll ed. 1961).

1967, writ ref'd n.r.e.) is misplaced. In that case, the court held the denial of a continuance was an abuse of discretion when the defendant and the only other defense witness with knowledge of material facts were gravely ill, each suffering heart attacks during the course of the litigation. The defendant had attempted to give a deposition, but could not complete it due to his ill health. There was also evidence that the defendant would be able to appear in court in three months, and his principle witness could appear in eight weeks. The circumstances in *Burke* do not reveal a lack of proper diligence on the movant's part as in the instant case. *See also Jones,* 624 S.W.2d at 332.

The same lack of diligence in the discovery process which resulted in the sanctions also provided the trial court with ample grounds for denying appellant's motion for continuance. Point of error four is overruled.

By its fifth point of error, appellant argues the trial court erred in overruling its motion for mistrial based upon improper jury argument by appellee's counsel. Wallace did not testify nor did he attend the trial. Appellant offered no evidence at trial. Appellee urged and was granted a motion in limine prohibiting appellant from mentioning Wallace's ill health and inability to attend trial.

During jury argument, appellee's counsel made the following remarks:

> All we have to do is prove this case beyond a preponderance of the evidence and I think we've done that, and I think that if First State Bank of Bishop had any credible evidence to dispute one iota of this, that they had that witness stand. There's this gentleman who's president of the bank or Mr. Wallace, or somebody—

Appellant objected to the argument and requested a mistrial, which was denied. The trial court did allow appellant to explain Wallace's absence to the jury. During appellant's jury argument, appellant's counsel stated: "Mr. Smith made reference to Mr. Wallace and the lack of his presence. Mr. Wallace is ill and cannot attend trial."

An appellant alleging reversible jury argument carries a heavy burden of proof. *Standard Fire Insurance Co. v. Reese,* 584 S.W.2d 835, 839–40 (Tex.1979) (setting out the seven-point test to show harmful error in jury argument); *International Armament Corp. v. King,* 674 S.W.2d 413, 419 (Tex.App.—Corpus Christi 1984), *affirmed on other grounds,* 686 S.W.2d 595 (Tex. 1985). Basically, an appellant must show that the probability that the improper argument caused harm is greater than the probability that the verdict was founded on proper proceedings and evidence. *Reese,* 584 S.W.2d at 840.

The comment in the instant case was improper, however, it was made only once and its nature, degree, and extent were not such that it amounted to harmful error. The excuse was given by appellant's attorney and that statement was left to stand unchallenged. The trial court cured any error by allowing appellant to meet the argument and explain Wallace's absence. There is very little probability that the improper argument in this case could have affected the outcome of the verdict. No close evidentiary questions were presented. No harm was shown. Point of error five is overruled.

All of appellant's points of error have been considered and are overruled. Judgment of the trial court is AFFIRMED.