**Bernard J. DOLENZ, Appellant,**

v.

**Terry PULSE, M.D., Appellee.**

**No. 05–89–01198–CV.**

Court of Appeals of Texas, Dallas.

May 23, 1990.

Rehearing Denied July 3, 1990.

Bernard J. Dolenz, Houston, for appellant.

M. William Nelson, Dallas, for appellee.

Before HOWELL, BAKER and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

Bernard J. Dolenz sued Terry Pulse, M.D., for defamation. The trial court directed a verdict in Pulse's favor. Dolenz asserts thirteen points of error, contending the trial court abused its discretion in making certain pretrial and trial rulings. We affirm the trial court's judgment without reaching any of these points.

■ When a trial court directs a verdict for a defendant, in order for the plaintiff to reverse the trial court's judgment, it is necessary for him to establish that the peremptory instruction cannot be supported on the grounds asserted by the defendant. *See McKelvy v. Barber,* 381 S.W.2d 59, 62 (Tex.1964); *McAx Sign Co. v. Royal Coach, Inc.,* 547 S.W.2d 368, 369 (Tex.Civ.App.—Dallas 1977, no writ). In this case, Dolenz has failed to attack the trial court's action in directing the verdict

against him either by a point of error or in argument under any point of error. We hold that Dolenz has waived his right to question the trial court's actions and that he has failed to discharge his burden of establishing that the instructed verdict was improper. *See McKelvy,* 381 S.W.2d at 62.

■ This same principle prevents our consideration of Dolenz's thirteen points of error, all of which complain of the trial court's alleged abuse of discretion in making pretrial and trial rulings. None of these points, even if sustained, would be grounds for reversal because the court's action in directing a verdict has not been attacked and cannot be set aside. Because Dolenz failed to attack the directed verdict, he has failed to show that the errors complained of "amounted to such a denial of his rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." *See McAx Sign Co.,* 547 S.W.2d at 370; TEX.R. APP.P. 81(b)(1). We overrule points of error one through thirteen.

We affirm the trial court's judgment.