

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00337-CV

BRADLEY AND TERESE BLOMMAERT,
AND MIKE BLOMMAERT, APPELLANTS

V.

BORGER COUNTRY CLUB, JEFF GRIFFIN, MARK MITCHELL,
ROBERTA SEWELL, ROBERT ARCHER, JAMES BAKER, WILLIAM BENDA,
SHAD GOLDSTON, KENT GRAY, RANDY GRAY, DANNY HAYNES,
MATT HOOD & DWIGHT RICE, APPELLEES

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 38,466, Honorable William D. Smith, Presiding

April 3, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellants, Bradley Blommaert, Terese Blommaert (collectively, "the Blommaerts"), and Mike Blommaert, appeal a take-nothing judgment entered against them as to their claims against appellees, Borger Country Club (the Club), and Jeff Griffin, Mark Mitchell, Roberta Sewell, Robert Archer, James Baker, William Benda,

Shad Goldston, Kent Gray, Randy Gray, Danny Haynes, Matt Hood, and Dwight Rice (collectively, "the Directors"). For the following reasons, we affirm.

## Factual and Procedural Background

Due to the manner in which we will resolve the issues presented by this appeal, we will only briefly discuss the factual background leading to the instant appeal. The Club operates a golf driving range as part of its recreational services. At the time that the driving range was so purposed, it was adjacent to undeveloped pasture land. However, at some point, Mike Blommaert constructed a residential building on this pasture land. After construction was complete, the Blommaerts made the building their residence. Golf balls struck at the driving range invaded the Blommaerts' property. The Blommaerts notified the Club, who attempted to remedy the complaint by reorienting the driving range tee boxes, and notifying users of the driving range to aim away from the residence. However, when errant golf shots continued to cause golf balls to invade their property, the Blommaerts filed suit against the Club.

By their original petition, the Blommaerts sought injunctive relief and damages against the Club for trespass and negligence. After discovery, the Blommaerts amended their petition to add the Directors as defendants, and added claims for gross negligence. Appellees requested leave to designate Mike Blommaert as a responsible third party, which was granted by the trial court. The Club alleged that Mike Blommaert was proportionately responsible for the Blommaerts' damages. Before trial, Mike Blommaert intervened in the lawsuit.

As the case proceeded to trial, the Blommaerts filed a number of pretrial motions, including motions for appellees' counsel to show authority, to compel discovery, for leave to amend their petition, to modify the discovery control plan, for continuance, for change of venue, for recusal of the trial judge, and to strike the designation of Mike Blommaert as a responsible third party. After appellants rested at trial, appellees moved for a directed verdict. The trial court rendered judgment against appellants on their claims of trespass and gross negligence, and on all claims against the Directors. Thus, the only claim that went to the jury was the Club's negligence. When that issue was submitted to the jury, the jury returned a verdict that the Club was not negligent, but that the Blommaerts and Mike Blommaert were. In response to a question regarding proportionate responsibility, the jury concluded that Mike Blommaert was 50 percent responsible for the negligence and that the Blommaerts were also 50 percent responsible. The jury also determined that Mike Blommaert did not detrimentally rely on any promise made by the Club. By virtue of its directed verdict and the jury's verdict, the trial court entered judgment that appellants take nothing by their suit. Appellants timely appealed.

Appellants present twelve issues by their appeal. Appellants' first seven issues relate to various pretrial rulings of the trial court. Appellants' eighth, tenth, and eleventh issues generally challenge the trial court allowing argument and evidence regarding certain claims and defenses. Appellants' ninth issue challenges the trial court's failure to enter judgment as a matter of law in favor of appellants on their trespass claim. By

3

their twelfth issue, appellants contend that the trial court erred in allowing evidence to be destroyed after trial.[1]

## Directed Verdict

Appellants present no issue expressly challenging the trial court's decision to direct verdict on appellants' claims of trespass and gross negligence against the Club, and on all claims against the Directors. Furthermore, none of appellants' issues provide us with authority or analysis directly addressing the directed verdict. When a trial court directs a verdict for a defendant, to obtain a reversal, the plaintiff must establish that the directed verdict cannot be supported on the grounds asserted by the defendant. *Dolenz v. Pulse*, 791 S.W.2d 572, 573 (Tex. App.—Dallas 1990, writ dism'd w.o.j.) (citing *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex. 1964)). An appellant's failure to challenge a directed verdict waives any error in the granting of the directed verdict. *See Dunn v. Bank-Tec South*, 134 S.W.3d 315, 327-28 (Tex. App.—Amarillo 2003, no pet.); *Davis v. Mazda Motor Corp.*, No. 04-98-00844-CV, 1999 Tex. App. LEXIS 8587, at \*2-3 (Tex. App.—San Antonio Nov. 17, 1999, pet. denied); *Dolenz*, 791 S.W.2d at 573. Consequently, appellants have waived their right to challenge the trial court's actions and have failed to discharge their burden to prove that the trial court's directed verdict was improper. *See Dunn*, 134 S.W.3d at 328; *Davis*, 1999 Tex. App. LEXIS 8587, at \*2-3; *Dolenz*, 791 S.W.2d at 573. Thus, we overrule all of appellants' issues to the extent that they challenge those rulings entered by the trial court by directed verdict.

---

[1] Because we affirm the judgment of the trial court, any error in the trial court's "destruction" of evidence is harmless.

Negligence Claims against the Club

Because all of appellants' claims other than their negligence claims against the Club were disposed of by the trial court's directed verdict ruling, we will address those issues that challenge the jury's verdict that the Club was not negligent, and that all damages were caused solely by Mike Blommaert's and the Blommaerts' negligence. Appellants' arguments that relate to their negligence claim against the Club contend that the trial court erred in allowing argument, evidence, and jury questions of defenses which were not relevant to appellants' negligence claim.

In the argument portion of their brief, appellants contend that they filed a motion in limine requesting the trial court require the Club to approach the trial court to obtain permission before presenting any argument or evidence that would reference these defenses. However, the trial court denied appellants' requests as to prescriptive rights, proportionate responsibility, and waiver and estoppel. A trial court's ruling on a motion in limine preserves nothing for review; a party must object at trial when the testimony is offered to preserve error for appellate review. *See Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex. 1963); *Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 91 (Tex. App.—Houston [14[th] Dist.] 2004, no pet.); *Prati v. New Prime, Inc.*, 949 S.W.2d 552, 555 (Tex. App.—Amarillo 1997, writ denied) (op. on reh'g). Thus, appellants' arguments relating to grounds set forth in their motion in limine are not preserved for review without a timely and specific objection when the evidence was offered at trial. *See* TEX. R. APP. P. 33.1; *Hartford Accident & Indem. Co*, 369 S.W.2d at 335; *Greenberg Traurig of N.Y.*, 161 S.W.3d at 91; *Prati*, 949 S.W.2d at 555.

Appellants cite to certain instances during trial where they claim that the Club presented argument and evidence of unavailable defenses. Of those instances cited during the Club's opening and closing arguments, appellants did not object. Therefore, these arguments were not preserved for review. *See* TEX. R. APP. P. 33.1; *Hartford Accident & Indem. Co*, 369 S.W.2d at 335; *Greenberg Traurig of N.Y.*, 161 S.W.3d at 91; *Prati*, 949 S.W.2d at 555. As to the Club's offers of evidence of these claimed unavailable defenses, appellants' repeatedly objected on the grounds of relevance with no additional argument or specific reference to unavailable defenses.[2] As such, appellants' trial objection was not sufficiently specific to preserve the error alleged on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.,* 249 S.W.3d 380, 387 (Tex. 2008) ("the cardinal rule for preserving error is that an objection must be clear enough to give the trial court an opportunity to correct it."); *Helping Hands Home Care, Inc. v. Home Health of Tarrant Cnty., Inc.,* 393 S.W.3d 492, 514-15 (Tex. App.—Dallas 2013, pet. denied) (relevance objection not sufficiently specific to preserve complaint that evidence was more prejudicial than probative, even though those grounds were presented in a pretrial motion in limine). Furthermore, because appellants' complaint on appeal regarding evidence of unavailable defenses does not comport with appellants' relevancy objection, nothing has been preserved for our review. *See Haley v. GPM Gas Corp.,* 80 S.W.3d 114, 120 (Tex. App.—Amarillo 2002, no pet.); *Tex. Dep't of Transp. v. Olson,* 980 S.W.2d 890, 898 (Tex. App.—Fort Worth 1998, no pet.). Therefore, appellants'

---

[2] During questioning of Mike Blommaert about the difference between "spec" and "custom" homes, appellants objected on relevancy grounds. This objection was overruled by the trial court. Appellants requested and were granted a running objection. However, this objection did not identify that it was an objection to evidence of unavailable defenses and nothing about the specific questioning would have made those grounds apparent from the context.

complaints regarding presentation of evidence of unavailable defenses have not been presented for our review.

In their last-identified objection to unavailable defenses, appellants did specify grounds for that objection. During the testimony of Edward Smilow, an expert witness on golf course design, appellants objected to questioning concerning an article that the witness had been quoted in as raising issues that are not relevant to appellants' negligence claim. The Club responded that the questioning went to the witness's credibility. The trial court overruled appellants' objection. In reviewing the subsequent testimony, it is clear that the Club did use this article to impeach the prior testimony of Smilow. We must uphold a trial court's evidentiary rulings if it is proper on any grounds. *Grand Homes 96, L.P. v. Loudermilk,* 208 S.W.3d 696, 702 (Tex. App.—Fort Worth 2006, pet. denied) (citing *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998)). Because the challenged examination of Smilow was appropriate to impeach his prior testimony, the trial court did not err in overruling appellants' objection.

Appellants challenge the jury charge only as to "legal theories which were not relevant defenses to [appellants'] claims at trial." However, review of the jury charge reveals that the prescriptive rights or prior grant defenses argued by appellants to have been unavailable were in no way included in the jury charge. Thus, even were we to agree with appellants' contentions that these defenses were unavailable to the Club, appellants' have not identified any error in the jury charge. Appellants also argue that it was error for the trial court to fail to submit the issue of trespass to the jury or to rule in favor of appellants on trespass as a matter of law. However, as discussed above, appellants' failure to challenge the trial court's directed verdict waived these issues.

7

Consequently, we conclude that appellants have failed to show that the trial court erred in its jury charge.

We conclude that the trial court did not err in any of its challenged rulings relating to the Club's argument, admission of evidence, or jury charge.

## Other Issues

Due to our resolution of appellants' issues above, we will affirm the judgment of the trial court. However, a few of appellants' issues challenging pretrial rulings could have the effect of preventing the trial court from properly entering directed verdict or submitting appellants' negligence claims to the jury. Thus, out of an abundance of caution, we will address these issues.

Appellants challenge the trial court's denial of their motion to show authority, which challenged whether the Club's attorney had authority to represent the individual Directors. Such a motion is authorized by Texas Rule of Civil Procedure 12, which is the exclusive method for questioning the authority of an attorney to represent a party in a proceeding. TEX. R. CIV. P. 12; *Kindle v. Wood Cnty. Elec. Co-op, Inc.,* 151 S.W.3d 206, 210 (Tex. App.—Tyler 2004, pet. denied). Rule 12 requires that the motion be served on the challenged attorney at least ten days before the hearing on the motion. TEX. R. CIV. P. 12. In the present case, appellants filed an initial motion challenging the attorney's authority to represent unnamed directors. However, they filed a "supplemental" motion on April 12, 2012, that specifically named the Directors and alleged that deposition testimony proved that the Club's attorney did not have authority to represent some of the Directors individually. We agree with appellees that, by

8

naming the Directors in their "supplemental" motion, we conclude that appellants' April 12 motion was an amended motion, rather than a supplemental motion. *See* TEX. R. CIV. P. 62; *Tex-Hio P'ship v. Garner*, 106 S.W.3d 886, 890 (Tex. App.—Dallas 2003, no pet.). Because an amended motion takes the place of its superseded predecessor, *see* TEX. R. CIV. P. 65; *FKM P'ship v. Bd. of Regents of Univ. of Houston Sys.,* 255 S.W.3d 619, 633 (Tex. 2008) ("causes of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed . . . ."), appellants did not file their amended motion to show authority until four days prior to the hearing. As such, the motion did not comply with the requirements of Rule 12 and the trial court did not err in denying the motion.

Appellants also challenge the trial court's denial of their motion to transfer venue. Appellants' motion includes the affidavit of the Bloomaerts and affidavits from three residents of Hutchinson County. *See* TEX. R. CIV. P. 257. However, appellees filed a response to this motion that identified defects in the affidavits filed by appellants in support of their motion. On the basis of these defects, the trial court could conclude that appellants failed to comply with the requirements of Rule 257, and denied the motion. Furthermore, because appellants' motion was controverted, appellants bore the burden of proving that they could not receive a fair and impartial trial in Hutchinson County at the hearing on the motion. *See Governing Bd. v. Pannill,* 659 S.W.2d 670, 688 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.). However, appellants offered no evidence at the hearing. For either of these reasons, the trial court did not abuse its discretion in denying appellants' motion to transfer venue.

Appellants also challenge the denial of their motion to recuse. Appellants' initial motion simply asked the trial judge to exercise his discretion and voluntarily recuse himself from the case. Appellants cited none of the grounds for recusal listed in Texas Rule of Civil Procedure 18b(b). *See* TEX. R. CIV. P. 18b(b). Appellants' amended motion was based on the argument that the judge's impartiality might reasonably be questioned. *See id.* at 18b(b)(1). The regional presiding judge heard the amended motion to recuse and denied the same. We review the ruling on a motion to recuse for an abuse of discretion. *Id.* at 18a(j)(1)(A). In making this determination, we are to review the totality of the evidence presented at the recusal hearing to see if the record reveals sufficient evidence to support the conclusion that the trial judge was unbiased. *Nairn v. Killeen Indep. Sch. Dist.,* 366 S.W.3d 229, 250 (Tex. App.—El Paso 2012, no pet.). Appellants contended that the small size of the local community and the significance of the Club within that community might call Judge Smith's impartiality into question. Furthermore, appellants contended that certain of Judge Smith's rulings indicated a bias or prejudice in favor of the Club. No specific connection between Judge Smith and the Club was established by appellants, and the importance of the Club to a small community is conclusory and speculative. As to appellants' contention regarding Judge Smith's rulings, appellants were required to "show that this bias arose from an extrajudicial source and not from actions during the pendency of the trial court proceedings, unless these actions during proceedings indicate a high degree of favoritism or antagonism that renders fair judgment impossible." *In re M.C.M.,* 57 S.W.3d 27, 33 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). From the record of

the recusal hearing, we cannot conclude that the denial of the motion constituted an abuse of discretion.

Finally, appellants challenge the trial court's denial of their motion to strike Mike Blommaert's designation as a responsible third party. However, any error by the trial court failing to strike Mike Blommaert's designation as a responsible third party was rendered moot when Mike Blommaert intervened. *See In re S.A.M.,* 321 S.W.3d 785, 790 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Once a person intervenes in a suit, the person becomes a party for all purposes and continues to be a party unless the trial court strikes the intervention."). Thus, this issue presents nothing for our review.

Conclusion

Having overruled each of appellants' issues that could result in reversal, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice