

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00207-CV

Peter **BARTON**,
Appellant

v.

Ana Lisa **GARZA**,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-12-308
Honorable Dick Alcala, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  March 25, 2015

AFFIRMED

Peter Barton sued his former lawyer, Ana Lisa Garza, for damages. After Barton presented his case to a jury, Garza moved for directed verdict. The trial court granted the motion for directed verdict and rendered a take-nothing judgment. We affirm.

### BACKGROUND

Garza represented Barton in a divorce action. Barton subsequently sued Garza for legal malpractice, alleging that she had failed to take measures to protect a community-property business from fraud and/or waste. Barton further alleged that he suffered unspecified economic damages as

a result of Garza's alleged legal malpractice. Garza denied the allegations in Barton's petition. The case was eventually tried to a jury. After Barton rested, Garza moved for directed verdict on grounds that (1) Barton had presented no evidence of economic damages, which was a necessary element of his claims; and (2) Barton's claims were an attempt to obtain an impermissible double recovery. The trial court granted the motion for directed verdict on both grounds. Barton appealed.

## DISCUSSION

In his brief, Barton presents nine issues challenging various pretrial orders and rulings made by the trial court. None of the issues presented in Barton's brief challenge the directed verdict or the grounds set forth in the motion for directed verdict.

In an appeal from a directed verdict, the appellant has the burden of establishing that the directed verdict cannot be supported on any of the grounds set forth in the motion for directed verdict. *Davis v. Mazda Motor Corp.*, No. 04-98-00844-CV, 1999 WL 1037916, at *1 (Tex. App.—San Antonio Nov. 17, 1999, pet. denied) (not designated for publication) (citing *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex. 1964)); *Perez v. PTF, Inc.*, No. 05-94-01701-CV, 1995 WL 500302, at *2 (Tex. App.—Dallas August 23, 1995, no writ) (not designated for publication); *Gabriel v. Mendez*, 517 S.W.2d 447, 449 (Tex. Civ. App.—San Antonio 1974, writ ref'd n.r.e.). When an appellant fails to challenge the directed verdict or the grounds set forth in the motion for directed verdict, any error in the granting of the directed verdict is waived. *Davis*, 1999 WL 1037916, at *1 (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 58-59 (Tex. 1993)); *Dolenz v. Pulse*, 791 S.W.2d 572, 573 (Tex. App.—Dallas 1990, writ dism'd w.o.j.).

Here, Barton had the burden of challenging both of the grounds set forth in the motion for directed verdict and establishing that the directed verdict could not be supported on either of these

grounds. Barton has wholly failed to meet this burden on appeal. The trial court's judgment is therefore affirmed.

Karen Angelini, Justice