In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-235 CV


____________________



MKC ENERGY INVESTMENTS, INC., Appellant



V.



SCOT SHELDON and SHELDON, JORDAN & DUNHAM, L.L.P., Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. E-116,061-A






O P I N I O N 


 MKC Energy Investments, Inc. ("MKC") appeals a summary judgment granted in
favor of attorney Scot Sheldon and Sheldon, Jordan & Dunham, L.L.P. ("Sheldon"), on all
third-party causes of action asserted against them. MKC appeals raising three issues: (1) the
statements of Sheldon should not be privileged because they were made prior to and without
reference to any pending or proposed judicial proceedings, (2) MKC's motion to continue
the summary judgment should have been granted to allow further discovery, and (3) in the
absence of the absolute immunity defense, genuine issues of material fact exist to preclude
summary judgment on all causes of action. We affirm the trial court's judgment on other
grounds.

BACKGROUND


 MKC owns a building in which the Southeast Texas Regional Planning Commission
("RPC") was a tenant. During 2000 and 2001, several RPC employees, as well as other
tenants in the building, complained of health problems allegedly related to the building. 
Beginning in July, 2001, various community newspapers began reporting on the alleged
problems with the building. RPC retained Sheldon as its attorney with regard to the conflict
with MKC and the problems with the building, and MKC retained its own legal counsel. In
addition to hiring lawyers, each party retained experts to render opinions about the condition
of the building. The expert for RPC eventually prepared a report of her investigation and
findings. On August 29, 2001, the Beaumont Enterprise ran an article concerning RPC's
decision to vacate the building. Sheldon responded to a reporter's telephone call and is
quoted in the article with various statements, including that the conditions of the building
were "dangerous" and "unhealthy." Sheldon is further quoted as saying that the building
had "dangerous levels of certain types of mold" that prompted Sheldon to "advise [the RPC]
to evacuate the premises." In the same article, Sheldon gave the reporter the name of MKC's
attorney and added that MKC "denied any unsafe conditions." 

 Within a week of that newspaper article, MKC sued the RPC in federal court seeking,
among other things, a declaratory judgment on concerns over the building. On or about
October 16, 2001, the RPC, represented by Sheldon, filed the underlying cause in Jefferson
County district court. On or about July 1, 2003, MKC filed its First Amended Counterclaims
and Third-Party Claims against Sheldon asserting tortious interference, business
disparagement and conspiracy arising out of the quotes attributed to Sheldon in the Beaumont
Enterprise. On August 7, 2003, RPC's Motion to Abate the case for sixty days was granted
by the trial court to allow RPC time to obtain new counsel and Sheldon to obtain counsel of
its own. No formal discovery was begun by MKC on the claims against Sheldon. On
October 27, 2003, Sheldon filed a Motion for Summary Judgment. MKC filed a sworn
motion to continue the summary judgment hearing as well as a supplemental motion. MKC
filed a response to the Motion for Summary Judgment including a renewed Motion for
Continuance, on November 18, 2003. We note that the record does not evidence that the trial
court ever heard MKC's motion for continuance or that any oral hearing was ever requested. 
Oral arguments were heard on November 21, 2003, and the trial court signed a summary
judgment in favor of Sheldon dismissing all of MKC's third-party claims. By order signed
April 23, 2004, the court severed its summary judgment ruling in favor of Sheldon. MKC
timely filed a notice of appeal.

 Although both a no-evidence and a traditional motion for summary judgment were
filed in this case, our analysis is under the traditional standard. The standard of review in a
defamation case is the same as in other summary judgment cases, despite the presence of
constitutional considerations. See Casso v. Brand, 776 S.W.2d 551, 556-57 (Tex. 1989). A
summary judgment for a defendant will be upheld when the defendant negates an essential
element of plaintiff's theory of recovery. See Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997). In reviewing a summary judgment, an appellate court must
take as true the evidence favorable to the nonmovant. Id. Summary judgment is appropriate
when a dispositive question of law is involved. See Lear Siegler, Inc. v. Perez, 819 S.W.2d
470 (Tex. 1991). Whether an unambiguous statement is reasonably capable of defamatory
meaning is a dispositive question of law in a libel case. See Musser v. Smith Prot. Servs.,
Inc., 723 S.W.2d 653, 655 (Tex. 1987). In reviewing a summary judgment in which the trial
court has not provided the basis for its decision, as here, we must review each ground
asserted in the motion and affirm the trial court's judgment if any of these grounds are
meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Williams v. United
Pentecostal Church Intern., 115 S.W.3d 612, 614 (Tex. App.--Beaumont 2003, no pet.). 
Furthermore, where both traditional and "no evidence" motions for summary judgment are
filed, the reviewing court must uphold the summary judgment if it can be sustained under
either method. See Dow Chemical Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

 The elements of a claim for business disparagement are: (1) publication of
disparaging words by the defendant, (2) falsity, (3) malice, (4) lack of privilege, and (5)
special damages. Granada Biosciences, Inc. v. Forbes, Inc., 49 S.W.3d 610, 615 (Tex. App.-Houston [14th Dist.] 2001, rev'd on other grounds, 124 S.W.3d 167 (Tex. 2003) (citing
Hurlbut v. Gulf Atl. Life Ins. Co., 749 S.W.2d 762, 766 (Tex. 1987)). "The tort is part of the
body of law concerned with the subject of interference with commercial or economic
relations. The Restatement identifies the tort by the name 'injurious falsehood' and notes its
application 'in cases of the disparagement of property in land, chattels, or intangible things
or of their quality.' Restatement (Second) of Torts § 623A, comment a (1977)." An action
for business disparagement is similar in many respects to an action for defamation. Hurlbut,
749 S.W.2d at 766. 

 Both involve the imposition of liability for injury sustained through
publications to third parties of a false statement affecting the plaintiff. The
two torts, however, protect different interests. The action for defamation is to
protect the personal reputation of the injured party, whereas the action for
injurious falsehood or business disparagement is to protect the economic
interests of the injured party against pecuniary loss. 


 More stringent requirements have always been imposed on the 'plaintiff
seeking to recover for injurious falsehood in three important respects--falsity
of the statement, fault of the defendant and proof of damage.' Restatement
(Second) of Torts § 623A, comment g (1977). Regarding falsity, the common
law presumed the defamatory statement to be false and truth was a defensive
matter. The plaintiff in a business disparagement claim, however, must plead
and prove the falsity of the statement as part of his cause of action.


Hurlbut, 749 S.W.2d at 767.


 To support a claim for business disparagement, the published statements must be, at
a minimum, defamatory. Granada Biosciences, 49 S.W.3d at 616; see also Delta Air Lines,
Inc. v. Norris, 949 S.W.2d 422, 427 (Tex. App.--Waco 1997, writ denied). "All assertions
of opinion are protected by the first amendment of the United States Constitution and article
I, section 8 of the Texas Constitution." Carr, 776 S.W.2d at 570. "Whether a statement is
an opinion or an assertion of fact is a question of law." Id.; see also Delta Airlines, 949
S.W.2d at 426. Whether the words used are reasonably capable of a defamatory meaning is
a question of law. Delta Airlines, 949 S.W.2d at 426; Musser, 723 S.W.2d at 654. "The
court construes the statement as a whole in light of the surrounding circumstances based
upon how a person of ordinary intelligence would perceive the entire statement." Musser,
723 S.W.2d at 655. "The question should not be submitted to the jury unless the language
is ambiguous or of doubtful import." See Ezrailson v. Rohrich, 65 S.W.3d 373, 376 (Tex.
App.--Beaumont 2001, no pet.) (quoting Garcia v. Burris, 961 S.W.2d 603, 605 (Tex. App.--San Antonio 1997, pet. denied)). The statements alleged to be defamatory must be viewed
in their context; they may be false, abusive, unpleasant, or objectionable to the plaintiff and
still not be defamatory in light of the surrounding circumstances. See San Antonio Express
News v. Dracos, 922 S.W.2d 242, 248 (Tex. App.--San Antonio 1996, no writ). The entire
communication--not mere isolated sentences or portions--must be considered. See Musser,
723 S.W.2d at 655. 

 We must first determine whether the statements attributed to Sheldon in the
newspaper articles were actually defamatory as pled by MKC. In order to do so, we must
examine the published articles at issue in their entirety rather than examine separate
sentences or words excerpted from such articles. See Musser, 723 S.W.2d at 653. "This is
true because statements may be made defamatory by taking them out of context, and
although they may be false, abusive, unpleasant and objectionable to the plaintiff, they may
not be 'defamatory' in an actionable sense." Simmons v. Ware, 920 S.W.2d 438, 444-45
(Tex. App.--Amarillo 1996, no pet.).

 The ordinary reader could not reasonably understand the complained-of statements
attributed to Sheldon in this case to have a defamatory meaning. Prior to the publication of
Sheldon's comments to the reporter, at least four previous newspaper articles had been
published chronicling the allegations of "sick building syndrome" involving the building
owned by MKC. In the article made the basis of MKC's complaints, Sheldon is identified
as the attorney for RPC and the statements attributed to him explain the lawsuit being
contemplated between his client and MKC regarding the building and the termination of the
lease with such landlord. Sheldon's statements are obviously interspersed, at the sole
discretion of the reporter, with other direct quotes of a representative of his client for the
writer's purpose. However, it is important to remember that our task is not to determine what
the statement meant to the plaintiff, but whether it would be considered defamatory to the
average reader. See Herald-Post Publishing Co., v. Hervey, 282 S.W.2d 410, 415 (Tex. Civ.
App.--El Paso 1955, writ ref'd n.r.e.), and San Antonio Express News v. Dracos, 922 S.W.2d
242, 249 (Tex. App.--San Antonio 1996, no writ). Moreover, in the same paragraph wherein
Sheldon is reported as saying "[t]he conditions are dangerous and unhealthy," Sheldon is
quoted as saying, "The landlord has denied any unsafe conditions." The attorney further
explained in such article the constructive eviction of his client. Based upon a review of the
entire article in light of the circumstances in which it was reported, the statements attributed
to Sheldon are not reasonably capable of defamatory meaning but, instead, constitute
opinions of the attorney regarding his client's position in the impending lawsuit. Under the
circumstances here, the complained-of statements of Sheldon were not defamatory. 

 As stated earlier herein, as the trial court did not specify the grounds upon which the
summary judgment was granted, the reviewing court will affirm the judgment if any theory
advanced in the motion is meritorious. State Farm Fire & Casualty Co. v. S.S., 858 S.W.2d
374, 380 (Tex. 1993); Carr, 776 S.W.2d at 569. Although not briefed by either party,
Sheldon's Motion for Summary Judgment includes an assertion that the statements were not
defamatory as a matter of law. As we have found the statements were not defamatory as a
matter of law, the trial court properly could have granted summary judgment on MKC's
business disparagement cause of action. And, because we have determined the statements
were not defamatory as a matter of law, we need not determine whether the statements were
privileged and thus, do not reach issue number one.

 Appellant's third issue complains the trial court erred in granting summary judgment
on all causes of action. Sheldon's Motion for Summary Judgment prayed that the court grant
a summary judgment on all claims asserted by MKC. MKC's remaining causes of action of
tortious interference and conspiracy are both grounded on its business
disparagement/defamation cause of action. When non-libel claims are based on a libel cause
of action, the person claiming a defamatory statement must first establish the libel elements
in order to recover on the non-libel claims. See generally Rogers v. Dallas Morning News,
889 S.W.2d 467, 474 (Tex. App.--Dallas 1994, writ denied); see also Evans v. Dolcefino, 986
S.W.2d 69, 79 (Tex. App.--Houston [1st Dist.] 1999, no pet.). We have already determined
the statements attributed to Sheldon were not defamatory as a matter of law. Because MKC
failed to establish the elements of its business disparagement/defamation cause of action, it
failed to meet a condition precedent to recovery on its other causes of action. Consequently,
the trial court did not err in granting summary judgment on all causes of action. We thus
overrule issue number three.

 We next address MKC's complaint that its' motion to continue the summary judgment
proceeding should have been granted to allow further discovery. The granting or denial of
a motion for continuance is within the trial court's sound discretion. General Motors Corp.
v. Gayle, 951 S.W.2d 469, 476 (Tex.1997). We review the trial court's ruling for an abuse
of discretion. See Clemons v. State Farm Fire & Cas. Co., 879 S.W.2d 385, 393 (Tex. App.--Houston [14th Dist.] 1994, no writ). Before the reviewing court will reverse the trial court's
ruling, it should clearly appear from the record that the trial court has disregarded the party's
rights. Yowell v. Piper Aircraft Corp., 703 S.W.2d 630, 635 (Tex.1986). An appellate court
may reverse a trial court for abuse of discretion only if, after searching the record, it is clear
the trial court's decision was arbitrary and unreasonable. Simon v. York Crane & Rigging
Co., 739 S.W.2d 793, 795 (Tex.1987). In a summary judgment context, it is generally not
an abuse of discretion to deny a motion for continuance if the party has received the
twenty-one days' notice required by Texas Rule of Civil Procedure 166a(c). White v. Mellon
Mortg. Co., 995 S.W.2d 795, 803 (Tex. App.--Tyler 1999, no pet.); McAllister v. Samuels,
857 S.W.2d 768, 773 (Tex. App.--Houston [14th Dist.] 1993, no writ). 

 "A party seeking more time to oppose a summary judgment must file an affidavit
describing the evidence sought, explaining its materiality, and showing the due diligence
used to obtain the evidence. Tex. R. Civ. P. 166a(g), 251, 252." Carter v. MacFadyen, 93
S.W.3d 307, 310 (Tex. App.--Houston [14th Dist.] 2002, pet. denied). "The affidavit must
show why the continuance is necessary; conclusory allegations are not sufficient. See Nat'l
Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc., 907 S.W.2d 517, 520-22 (Tex.
1995) (holding further time for discovery unnecessary as construction of unambiguous
contract required no discovery)." Id. Generally, when a movant fails to comply with the
requirement of Rule 251 that the motion for continuance be supported by affidavit, we
presume the trial court did not abuse its discretion in denying the motion. Villegas v. Carter,
711 S.W.2d 624, 626 (Tex.1986); Garcia v. Tex. Emp. Ins. Ass'n, 622 S.W.2d 626, 630
(Tex. App.--Amarillo 1981, writ ref'd n.r.e.). While MKC did file a verified motion for
continuance seeking further discovery, MKC never presented the trial court with an affidavit
setting forth with any specificity the evidence sought that was allegedly not obtainable prior
to the scheduled hearing on the motion for summary judgment, nor did MKC request a
hearing date from the court on such motion. Despite its objections to the trial court's
deadlines, MKC's counsel was able to file a response to Sheldon's motion for summary
judgment.

 Appellant's reliance upon the holding in Helfand v. Coane, 12 S.W.3d 152 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied), to support this issue on appeal is misplaced. 
Helfand is factually distinguishable from the case at hand regarding the discovery issue but
provides some guidance on this issue. In Helfand, the Houston Court noted that in judicial
immunity cases, there are multiple components to the absolute privilege: the communication
must bear some relationship to a judicial proceeding; the attorney must be employed for that
proceeding; and the communication must be in furtherance of that representation. Helfand,
12 S.W.3d at 157. Whether an alleged defamatory communication is related to a proposed
or existing judicial proceeding is a question of law. Thomas, 940 S.W.2d at 343.
Determining whether a communication is absolutely privileged requires sufficient discovery. 
Helfand, 12 S.W.3d at 157. The trial court in Helfand entered an order freezing all discovery
until after the summary judgment was considered. In the case before us, while the trial court
abated the proceedings for a period of sixty days prior to the filing of the summary judgment,
the trial court had not entered any order prohibiting discovery after the abatement had
terminated.

 Further distinguishing Helfand, Helfand's claim arose not only from a publication of
statements by Coane in a letter but also from a re-publication of alleged defamatory
statements. Discovery was required regarding the circumstances of the re-publication of the
alleged defamatory statements. Based on those facts, the Houston Court found an abuse of
discretion to deny the motion for continuance. The statements at issue in this case were made
by Sheldon and published in the newspaper. The newspaper articles were included in the
record and available to the trial court. In this case, unlike Helfand, there is no dispute
regarding the publication of the articles or the facts surrounding the statements. Under the
circumstances here, the statements were not defamatory and further discovery was
unnecessary. We hold the trial court did not abuse its discretion by denying appellant's
motion to continue the summary judgment proceedings and overrule appellant's second issue. 

 The judgment of the trial court is AFFIRMED.





 ______________________________

 CHARLES KREGER

 Justice


Submitted on February 10, 2005

Opinion Delivered September 22, 2005



Before McKeithen, C.J., Kreger, and Horton, JJ.