ACCEPTED
12-14-0030-cv
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/7/2015 7:01:51 PM
CATHY LUSK
CLERK

No. 12-14-00300-CV

_____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/7/2015 7:01:51 PM
CATHY S. LUSK
Clerk

IN THE TEXAS COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT
TYLER, TEXAS

_____

IN THE ESTATE OF RODNEY JOE KNIGHT, DECEASED

_____

ON APPEAL FROM THE COUNTY COURT AT LAW,
CHEROKEE COUNTY, TEXAS
CAUSE NO. P12025
THE HONORABLE KELLEY D. PEACOCK, PRESIDING

_____

**BRIEF OF APPELLEE**

_____

Wayne D. Haglund
Texas Bar No. 08697500
Haglund Law Firm, P.C.
P.O. Box 713
Lufkin, Texas 75902
Phone: (936) 639-0007
Facsimile: (936) 639-0016
ATTORNEY FOR APPELLEE

**ORAL ARGUMENT REQUESTED**

i

# IDENTITY OF PARTIES AND COUNSEL

Under Rule 38.1 and 38.2 of the Texas Rules of Appellate Procedure, Roy D. Knight supplies the following list of parties, and the names and addresses of counsel:

**Parties**

Natosha Moore…………………….…......................................Contestant/Appellant

Roy D. Knight…………………………......Independent Exector of the Estate of
Rodney Joe Knight, Deceased/Appellee

**Attorneys**

Gilbert Hargrave……………………………Counsel for Appellant, Natosha Moore
State Bar No. 08999500                                  November 2013 to August 13, 2014
6269 FM 2892
Athens, Texas 75752
Tel: (903) 675-9338
Fax: (903) 675-0209

Bill Pedersen, III…………………………Counsel for Appellant, Natosha Moore
State Bar No. 24030011                                  August 13, 2014 to present
2501 Oak Lawn Avenue
Suite, 380, LB-50
Dallas, Texas 75219
Tel: (214) 630-4554
Fax: (214) 630-9264

Wayne D. Haglund…………………………Counsel for Appellee, Roy D. Knight,
State Bar No. 08697500                                  Independent Executor of the Estate of
Haglund Law Firm, P.C.                                  Rodney Joe Knight, Deceased
P.O. Box 713
Lufkin, TX 75902-0713
Tel: (936) 639-0007
Fax: (936) 639-0016

 /s/ *Wayne D. Haglund*
Wayne D. Haglund

# Table of Contents

Identity of Parties and Counsel…………….…………………………………......ii

Table of Contents…………………………………………………………….iii

Index of Authorities……………………………………………………..iv,v

Statement of the Case .......................................................................vi

Issues Presented .............................................................................vii

Request for Oral Argument……………………………………………..viii

Statement of Facts ......................................................................... 1

Response to the Summary of the Argument by the Appellant…………………..5

Argument and Authorities ...............................................................8

    Issue #1:  Appellant's Verified Motion for Continuance…………………..12

    Issue#2: Texas Rules of Civil Procedure Rule 245………………………..20

    Issue#3: Denial of Due Process………………………………………… 22

    Issue#4: Trial by Consent……………………………………………….23

Prayer for Relief...............................................................................26

Certificate of Service……………………………………………………....27

Certificate of Compliance……………………………………………………27

Appendix………………………………………………………………….28

# Index of Authorities

**Cases**

Balogh v. Ramos, 978 S.W.2d 696, 699 (Tex. App. – Corpus Christi 198, pet denied). ........20, 21

Beaumont Bank N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991)…………………………...…12

BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002)……………….12

Bushell v. Dean, 803 S.W.2d 711 (Tex. 1991);……………………………………………………17

Cain v. Rust Indus. Cleaning Servs., 969 S.W.2d 464, 470 (Tex. App.—Texarkana 1998, pet. denied); ...................................................................................................................................17

Campsey v. Campsey, 111 S.W.3d 767, 771 (Tex. App. – Fort Worth 2003, no pet.) .............20

Commercial Standard Ins. Co. v. Merit Clothing Co., 377 S.W.2d 179, 181 (Tex.1964) …….15

Daugherty v. Jacobs, 187 S.W.3d 607, 619 (Tex. App. – Houston [14th Dist.] 2006, no pet.)…………………………………………………………………………………...…13

Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,241-242 (Tex. 1985)……………..12

Eads v. American Bank, N.A., 843 S.W.2d 208 (Tex. App. – Waco 1992, no writ)…………………………………………………………………………………...…17

Frisch v. J.M. English Truckline, Inc., 151 Tex. 168, 246 S.W.2d 856, 858, 859 (Tex. 1952)…………………………………………………………………………………..18

Goodchild v. Bombardier – Rotax GmbH Motorenfabrick, 979 S.W.2d 1, 6-7 (Tex. App. – Houston [14th Dist.] 1998, pet denied);……………………………………………………..17

Gregg v. Cecil, 844 S.W.2d 851, 853 (Tex. App. – Beaumont, 1992, no writ)………………....12

Interest of J. (B.B.) M., 955 S.W.2d 405, 408 (Tex. App. – San Antonio 1997, no pet.)…………………………………………………………………………………………20

In the Interest of L.D.W. and V.D.W., children, 2013 WL 2247383, (Tex.App.-Houston [14th Dist.] May 21, 2013, no pet.) (mem.op.)……………………………………………..14,15

Landers v. State Farm Lloyds, 257 S.W.3d 740, 747 (Tex. App. – Houston [1st Dist.] 2008, no pet)…………………………………………………………………………………….17

McAx Sign Co. v. Royal Coach, Inc. et al, 547 S.W.2d 368 (Tex. Civ. App.-Dallas 1977, no writ);……………………………………………………………………………18

NKC Energy, Invs. Inc. v. Sheldon, 182 S.W.3d 372, 378 (Tex. App. – Beaumont 2005, no pet)……………………………………………………………………….…13

New York Party Shuttle, LLC v. Bilello, 414 S.W.3d 206 (Tex. App.—Houston [1st Dist.] 2013, pet. denied);…………………………………………………………………14

Pape v. Guadalupe-Blanco River Authority, 48 S.W. 3d 908, 914 (Tex. App. – Austin 2001 pet. denied)……………………………………………………… …...13

Standard Savings Ass'n v. Cromwell, 714 S.W.2d 49, 51 (Tex. App. Houston [14th Dist.] 1986, no writ)………………………………………………………………...15

State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988)……………………..12

State Farm Lloyds v. Carpet Exchange of North Texas, Inc., 2002 WL 31474179 (Tex. App. – Dallas 2002 not designated for publication); …………………………………………18

Villegas  v. Carter, 711 S.W.2d 624, 626 (Tex. 1986)…………………………………………12

Wal-Mart Stores, Tex., L.P. v. Crosby, 295 S.W.3d 346, 356 (Tex. App. – Dallas 2009, pet denied)………………………………………………………….......................................13, 18

Wastewater, Inc. v. Alpha Finishing and Developing Corp., 874 S.W.2d 940, 942 (Tex. App. – Houston [14th Dist.] 1994, no writ)……………………………………………………12

## Statutes and Rules

Texas Rules of Civil Procedure Rule 11……………………………………………10,11, 18

Texas Rules of Civil Procedure Rule 33.1 (a)(2)………………………………………………17

Texas Rules of Civil Procedure Rule 67……………………………………………………..26

Texas Rules of Civil Procedure Rule 251……………………………………………………17

Texas Rules of Civil Procedure Rule 252……………………………………………8, 13, 17

Texas Rules of Civil Procedure Rule 245…………………………………………4, 7, 20, 21

Texas Rules of Evidence Rule  601(b)…………………………………………………..8, 19

## Statement of the Case

Nature of the case:

Appellee filed an application to probate the Last Will and Testament and for Issuance of Letters Testamentary for the Decedent on November 20, 2013. (CR 1:8-10). The trial court conducted an evidentiary hearing on the Appellee's application to probate the Will and an application for a temporary injunction on January 7, 2014. (CR 1: 60-61). The court had later hearings on February 24, 2014, May 12, 2014 telephonic hearing on July 14, 2014, a telephonic conference on August 13, 2014 (RR Volume 3) and a final hearing on September 16, 2014 (RR Volume 4). (CR 1:6-7)

Disposition of Trial Court:

On September 16, 2014, without any request for the presentation of additional evidence, the trial court entered a final judgment (CR 2: 189-190). This appeal followed. (CR 2: 191-193.

Parties in the Court of Appeals:

Appellant: Natosha Moore

Appellee: Roy D. Knight,
Independent Executor of the Estate of
Rodney Joe Knight

## Issue(s) Presented

1. Appellant's first issue asks whether the trial court abused its discretion in denying Appellant's Verified Motion for Continuance. The record does not reflect that the trial court ever denied Appellant's Verified Motion for Continuance.

2. Did the trial court violate the mandatory terms of Texas Rules of Civil Procedure 245?

3. The Appellant's third issue asks whether the denial of Appellant's Motion for Continuance was so arbitrary so as to violate her rights of due process? The record does not reflect that the trial court denied Appellant's Motion for Continuance.

4. Was the question of informal marriage tried by consent?

## Request for Oral Argument

Should this Honorable Court determine that oral argument would assist it in rendering its opinion, Roy D. Knight, Appellee requests that the Court set this case for oral argument.

No. 12-14-00300-CV

_____

IN THE TEXAS COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT
TYLER, TEXAS

_____

IN THE ESTATE OF RODNEY JOE KNIGHT, DECEASED

_____

ON APPEAL FROM THE COUNTY COURT AT LAW,
CHEROKEE COUNTY, TEXAS
CAUSE NO. P12025

_____

**BRIEF OF APPELLEE**

_____

To the Honorable Justices of the Court of Appeals:

### Statement of the Facts

This statement of facts by the Appellee is filed under the provisions of Texas Rules of Appellate Procedure §38.2(a)(1)(B) because the Appellee is dissatisfied with that portion of the Appellant's Brief in several material respects.

The initial Answer and Contest of Will, which was filed by Contestant's counsel in a handwritten form, globally denied each and every allegation of the Application to Probate Will and For Letters Testamentary and asked that the Application for Probate "….be dismissed in favor of her (appellant) as rightful surviving spouse." This handwritten Original Answer and Contest of the Will by the Appellant was filed December 2, 2013. (Answer and Contest of Will; CR 1:20) (Application to Probate Will & For Letters Testamentary; CR 1:8-10).

On December 27, 2013, the Applicant/Appellee filed his Original Response to the Contestant's Answer and Contest of Will and joined a Motion to Dismiss Claims in the Will Contest, an Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction and a Counter-claim for Attorney's Fees and Sanctions, filed on December 27, 2013. (CR 1:25-39) The trial court issued a Temporary Restraining Order on December 27, 2013 and set a hearing on the Application for Temporary Injunction and a hearing on the Application for Probate of the Last Will and Testament of the Decedent on January 7, 2014. (CR 1:49-50)

At the January 7, 2014 hearing, the Contestant/Appellant offered only the testimony of the Contestant/Appellant that the Will had been stolen but offered no other proof of any of the other allegations made in the First Amended Opposition to Probate of Will and to Issuance of Letters Testamentary.

At the January 7, 2014 hearing, both of the witnesses called by the Contestant/Appellant attempted to testify extensively about the existence of an informal marriage relationship between the Decedent and the Contestant/Appellant. The Contestant/Appellant offered no other testimony regarding the validity of the Will, regarding the allegations that the Will was a forgery, regarding the allegations that the document submitted was a copy, or that

2

there was any evidence that the Decedent had intended to revoke and destroy the Will. (RR 2:40-55, RR 2:56-85).

The hearing scheduled and held by the Court on January 7, 2014 was mischaracterized by the Appellant as the final trial on the merits. The Temporary Restraining Order signed by the Court on December 27, 2013 clearly shows that the issues set for hearing on January 7, 2014 were only two: the issue of whether a Temporary Injunction would be granted in accordance with the Applicant's pleadings and whether the original Last Will and Testament submitted directly to the clerk by the longtime attorney for the Decedent would be admitted to probate and the Applicant appointed Independent Executor of the Estate. (CR 1:49-50).

The Appellant's Statement of Facts also mischaracterizes, in bold print, that the January 7, 2014 hearing was the only evidentiary hearing in this case. The court scheduled and held at least five other conferences or hearings at which the Contestant/Appellant offered no evidence. Hearings or conferences of the counsel were held before the Court or by telephone on February 24, 2014, May 12, 2014, July 14, 2014, August 13, 2014, and September 16, 2014. (CR 1:6-7).

The Appellant's Statement of Facts states that the trial court denied the Appellant's Motion for Continuance and heard testimony when, in fact the Court expressly advised counsel that it was carrying its Motion for Continuance along and would hear testimony on other matters. (RR 2:5 lines 24-25). The Court never

formally denied the Motion for Continuance as complained about in this appeal. The Appellant voluntarily participated in these hearings, without raising any objection under Rule 245, Texas Rules of Civil Procedure.

**Response to the Summary of the Argument by the Appellant**

The hearing set for January 7, 2014 was not a final trial on the merits but rather was a hearing set on the Applicant/Appellant's Motion for a Temporary Injunction and the Application for the Probate of the Last Will and Testament of the Decedent and for the appointment of an independent executor.

The essence of the injunctive relief sought by Appellee was to prevent the Contestant/Appellant from the operation of three (3) motor vehicles owned by the Estate, but in the possession of the Contestant/Appellant, following the receipt of notice of the cancellation of all auto insurance, both comprehensive and liability coverage for the vehicles and following the admission of contestant/appellant's counsel to counsel for Appellee that the contestant/appellant did not have the money to reinsure the vehicles but would continue to operate them without insurance. The auto insurance had been cancelled December 19, 2013. The Appellee also received policy cancellation notices for the home owner's insurance and personal property insurance of the decedent. The personal property insurance would expire on December 21, 2013; the personal umbrella insurance coverage of the decedent would expire on December 21, 2013 and the homeowner's insurance coverage would be cancelled on December 25, 2013. (CR 1:53-55)

The Contestant/Appellant filed its First Amended Opposition to Probate of the Will and to the Issuance of Letters Testamentary on January 7, 2014. The First

Amended Opposition to Probate of Will and to Issuance of Letters Testamentary alleged that the Will submitted for probate was not the lawful and valid Will of the Decedent; alleged that the Decedent had revoked the Will by destroying it; alleged that the instrument filed for probate was a copy; alleged that the destruction of the Will was accomplished by acknowledgment of the loss of the Will through theft, and alleged an unspecified declaration of the Decedent that the loss of the Original Will by theft satisfied the Decedent's intent to destroy or revoke that Will. The Contestant also alleged that the Will was last seen in the possession of the deceased and had not been found amount his personal effects. The First Amended Contest alleged that the Will submitted was a forgery and was not the Will of the Decedent, rather the Will of some person whose identity is unknown and that pages have been substituted by persons unknown. The First Amended Contest further alleged that no legal or valid will was made by the deceased and that the deceased died intestate. (CR 1:25-39.)

At the hearing held on the Application for Temporary Injunction and the Application for Probate on January 7, 2014, the Court found that the Will submitted was not filed with the Court by the Applicant/Appellee, but rather had been mailed directly to the Clerk of the Court by James Beck, Attorney at Law practicing in Houston, Texas, who had been the longtime lawyer for the Decedent.

6

The Will was an original, not a copy, and had been witnessed, notarized, and self proved in the manner required by law.

At the January 7, 2014, the trial court found that no evidence had been offered that would prevent the admission to probate of the Last Will and Testament of the Decedent that was offered for probate by the Appellee.

The case had been on file for three hundred (300) days in the trial court before the court's final order. Two hundred fifty-two (252) of those days came after the January 7, 2014 hearing on the Application for Probate. At no time did the Appellant request another evidentiary hearing, seek to present additional evidence, or complain about the lack of appropriate notice under Rule 245 of the Texas Rules of Civil Procedure. Appellee submits that even if the trial Court had denied Appellant's Motion for Continuance, any error or harm under Rule 245 of Texas Rules of Civil Procedure has been waived and not preserved on appeal.

The Appellant never complained or denied that the issue of informal marriage had been tried by consent on January 7, 2014 until this appeal.

The Trial Court never denied Appellant's January 7, 2014 Motion for Continuance, but rather carried the Court's ruling along, and heard evidence from two witnesses presented by the Appellant at that hearing. The trial judge stated with reference to Apellant's January 7, 2014 Motion for Continuance, "I'll carry

forward your motion, I guess, but I want to hear some evidence today…" (RR 2:5, lines 24-25).

The Appellant's January 7, 2014 Motion for Continuance references that plural witnesses are in existence and not available on January 7, 2014, but names only one (1) witness in that Motion. The Motion for Continuance then refers to hearsay evidence from the one (1) named witness arising from one (1) phone call with counsel which took place one (1) week after the January 7, 2014 hearing was set and three (3) days before the hearing. Neither the Motion for Continuance nor the Affidavit satisfy the strict requirements of Rule 252 of the Texas Rules of Civil Procedure.. (CR 1:56-59).

## ARGUMENT AND AUTHORITIES

Appellant plead and testified that she believes that she and the Decedent had an informal or "common-law" marriage. (RR 2:56 lines 17-19). During Appellant's testimony on January 7, 2014, counsel for the Appellee repeatedly made objections that the Appellant's testimony was inadmissible under the "Dead Man's Rule", Texas Rules of Evidence 601(b). That rule provides that in civil actions by or against executors in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any oral statement by the testator unless that testimony to the oral statement is corroborated or unless the witnesses called at the trial to testify thereto by the

8

opposite party. The trial court repeatedly sustained objections made by counsel for the Appellee to testimony by the Appellant and finally granted the Appellee a running objection to violations of the Dead Man's Rule by the Appellant. (RR 1:1-61). The facts which Appellant alleged established the basis for an informal marriage were all properly objected to and excluded from the record by the court during the January 7, 2014 hearing. (RR 2:42 lines 14-25; RR 2:42, lines 1-3; RR 2:49, lines 2-11; RR 2:51, lines12-15; RR 2:54, lines 2-10; RR 2:57, lines 12-24; RR 2:61, lines 19-24; RR 2:62, lines 2-25, RR 2:63, lines 1-2; RR 2:66, lines 21-24; RR 2:72, lines 18-25; RR 2:73, line 1). The Contestant/Appellant offered no corroboration of any statement alleged to have been made by the Decedent.

When asked by Appellee's counsel if the Appellant had any corroboration that she could offer to the Court to corroborate her testimony in support of an informal marriage to the Decedent, the Appellant stated that she had documents or writings that would corroborate her testimony that were in her truck. (RR 2:70 lines 7-14). When asked if she could bring them in to the court, counsel for the Appellant stated that neither he nor his client had gone through the records and that: "it would be impossible to bring them in right now." (RR 2:70, lines 7-21).

In the 252 days after the January 7, 2014 hearing that the case was before the trial court, the Appellant never sought to bring forward any of the documents she

9

claimed would corroborate her status as the spouse of the Decedent by informal marriage.

The Appellee filed a Motion to Compel and for Sanctions, which was set for hearing on two different dates. (CR 1:90-92). At the hearing on May 12, 2014, on the record, counsel for the Appellant entered into a Rule 11 Agreement to provide the discovery responses and the documents requested by the Appellee and the Appellant agreed to pay $750.00 in attorney's fees plus costs for a total of $810.00 to Appellee based upon the Appellant's failure to timely and properly respond to discovery requests. (CR 1:6-7).

After the Appellant changed counsel, her current counsel disavowed the Rule 11 Agreement made on the record in court, and refused to provide the documents committed to be provided in the Rule 11 Agreement. The requested discovery and documents were never produced in the trial court. (CR 1:6) (See Appendix, Tab 1)

The trial court never denied the Appellant the opportunity for an additional evidentiary hearing or the opportunity to present additional witnesses or documentary evidence to support the position of the Appellant.

The actions of the trial court are not arbitrary or unreasonable given the lack of diligence of the Appellant to produce additional witnesses and evidence and the

refusal of the Appellant to comply with Rule 11 of the Texas Rules of Civil Procedure and the rules of discovery.

The trial court judge stated that she did not find the testimony of the Appellant on January 7, 2014 to be credible. (RR 2:83, lines 10-23; RR 2:87, lines 13-14).

**ISSUE #1: APPELLANT'S VERIFIED MOTION FOR CONTINUANCE**

The decision to grant or deny a continuance rests within the sound discretion of the trial court. The trial court's ruling on a Motion for Continuance will not be disturbed on appeal unless the record discloses a clear abuse of discretion. <u>Villegas v. Carter</u>, 711 S.W.2d 624, 626 (Tex. 1986). <u>State v. Wood Oil Distrib., Inc.</u>, 751 S.W.2d 863, 865 (Tex. 1988), <u>BMC Software Belgium, N.V. v. Marchand</u>, 83 S.W.3d 789, 795 (Tex. 2002). The court should not be overruled unless the trial court acted unreasonably or in an arbitrary manner without reference to any "guiding rules or principles." <u>Beaumont Bank N.A. v. Buller</u>, 806 S.W.2d 223, 226 (Tex. 1991) (quoting <u>Downer v. Aquamarine Operators, Inc.</u>, 701 S.W.2d 238,241-242 (Tex. 1985). In exercising the discretion of the trial court in determining whether cause exists for a continuance, the trial court may take into account the entire procedural history of the case. <u>Wastewater, Inc. v. Alpha Finishing and Developing Corp</u>., 874 S.W.2d 940, 942 (Tex. App. – Houston [14th Dist.] 1994, no writ). In making the determination of whether the record reflects a clear abuse of discretion by the trial court, the appellate court must examine the entire record and not just the sworn allegations in the Motion for Continuance. <u>Gregg v. Cecil</u>, 844 S.W.2d 851, 853 (Tex. App. – Beaumont, 1992, no writ). Abuse of discretion will be found if it "clearly appears from the record that the trial court has disregarded the party's rights" and that "the trial court's decision was

arbitrary and unreasonable." NKC Energy, Invs. Inc. v. Sheldon, 182 S.W.3d 372, 378 (Tex. App. – Beaumont 2005, no pet).

Rule 252 of the Texas Rules of Civil Procedure provide that if the ground for an application for continuance is the want of testimony, the party applying for the continuance must make an affidavit that such testimony is material, showing the materiality thereof, and that the party applying for the continuance has used due diligence to procure such testimony, stating such diligence and the cause of failure, if known, that such testimony cannot be procured from any other source. The application must state what the party expects to prove by the missing witness. (Texas Rules of Civil Procedure 252). The absence of a material witness provides sufficient cause for a continuance, but only if the party requesting a continuance has exercised proper diligence to procure the testimony of the witness. Daugherty v. Jacobs, 187 S.W.3d 607, 619 (Tex. App. – Houston [14th Dist.] 2006, no pet.) The trial court does not abuse its discretion by denying a Motion for Continuance but does not meet the requirements of Rule 252. Wal-Mart Stores Tex., L.P. v. Crosby, 295 S.W. 3d 346, 356 (Tex. App. – Dallas 2009, pet. denied) (citing Pape v. Guadalupe-Blanco River Authority, 48 S.W. 3d 908, 914 (Tex. App. – Austin 2001 pet. denied)).

The Motion for Continuance filed by the Contestant/Appellant refers to multiple witnesses, but names only one. Neither the Motion for Continuance nor

the Affidavit states specifically what the Contestant/Appellant expects to prove by this testimony, referencing only one alleged, uncorroborated statement made during one telephone conference with Appellant's counsel.

The Appellant/Contestant also failed to demonstrate that she exercised due diligence in procuring the testimony of any witness. There is nothing in the record to suggest that the Appellant/Contest subpoenaed any witness at any time, or ever attempted to take a deposition at any point in time from the time the original conflicts to will was filed on December 2, 2013 until the final Order entered by the Court on September 16, 2014. Neither the Motion for Continuance nor the Affidavit explained why neither a deposition nor testimony at any other time could be obtained. While the Motion for Continuance states that the Contestant/Appellant requested ninety (90) days to produce such witnesses, no such witness testimony was every offered by the Contestant/Appellant.

Finally, the Contestant/Appellant does not allege the materiality of any witness's testimony, or explain what she sought to prove by such testimony as required. New York Party Shuttle, LLC v. Bilello, 414 S.W.3d 206 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); McAx Sign Co. v. Royal Coach, Inc. et al, 547 S.W.2d 368 (Tex. Civ. App.-Dallas 1977, no writ); State Farm Lloyds v. Carpet Exchange of North Texas, Inc., 2002 WL 31474179 (Tex. App. – Dallas 2002) (not designated for publication); In the Interest of L.D.W. and V.D.W.,

14

children, 2013 WL 2247383, (Tex.App.-Houston [14th Dist.] May 21, 2013, no pet.) (mem.op.)

The Appellant correctly states that to obtain a continuance, the moving party has the burden of establishing both: 1). that the need for the continuance is not due to the fault or lack of diligence of the moving party or that party's counsel; and 2). That the failure to grant a continuance will result in substantial harm or prejudice to the moving party in the presentation of the party's case or defense. Commercial Standard Ins. Co. v. Merit Clothing Co., 377 S.W.2d 179, 181 (Tex. 1964); Standard Savings Ass'n v. Cromwell, 714 S.W.2d 49, 51 (Tex. App. Houston [14th Dist.] 1986, no writ).

The Appellee respectfully submits that the Appellant fails to satisfy its burden on either prong of the cited test. The sworn affidavit of Appellant's counsel fails to allege or establish any diligence whatsoever to obtain the testimony needed. The Sworn Affidavit only alludes to several witnesses, only one of which is named. The only contact provided is one phone call by counsel within three (3) days prior to the hearing on January 7, 2014. There is no reference to the nature of the testimony, other than it would go to the issue of informal marriage, no indication of any other issue that could be established or how any such testimony might be material to the issues before the court at the January 7, 2014 hearing. From the record, it is clear that there were five (5) hearings either in court or by

15

telephonic hearings after the January 7, 2014 hearing over a period of 252 days. During that time and during those five (5) additional hearings, neither the Appellant nor her counsel requested an evidentiary hearing or offered to produce any witnesses or testimony.

The Appellee twice propounded discovery requests to the Appellant. The second requests were never responded to by the Appellant. (CR 1:90-91) The Appellant cannot establish that the failure to grant a continuance on January 7, 2014 would result in substantial harm or prejudice to the Appellant in the presentation of that party's case or defense when the Appellant displays a total lack of diligence in failing to produce evidence or request hearings.

All of the problems stated by Appellant's Motion for Continuance applied only to the January 7, 2014 hearing. The record contained no justification or factual basis whatsoever for the failure of the Appellant to request hearings at which additional witness testimony could be placed into the records between the January 7, 2014 hearing and the court's final order on September 16, 2014. This failure amounts to a lack of diligence on the part of the Appellant and establishes the Appellant's fault if the needed testimony is not on the record. The Appellant or her counsel participated in five (5) additional hearings or telephonic conferences at which time any harm or prejudice claimed at the January 7, 2014 hearing could have been cured.

Most significantly, the court never denied the Appellant's January 7, 2014 Motion for Continuance.  Rather, the court expressly carried the motion along without a ruling. (RR 2:5, lines 24-25). The court stated:

"I'll carry forward your motion, I guess, but I want to hear some evidence today…" (RR 2:5, lines 24-25).

The Appellant failed to object to the Court's refusal to rule on the Motion for Continuance. The Appellant failed to preserve any error for this appeal. Texas Rules of Civil Procedure 33.1 (a)(2).  Goodchild v. Bombardier – Rotax GmbH Motorenfabrick, 979 S.W.2d 1, 6-7 (Tex. App. – Houston [14th Dist.] 1998, pet denied);  Bushell v. Dean, 803 S.W.2d 711 (Tex. 1991); Cain v. Rust Indus. Cleaning Servs., 969 S.W.2d 464, 470 (Tex. App.—Texarkana 1998, pet. denied); Eads v. American Bank, N.A., 843 S.W.2d 208 (Tex. App. – Waco 1992, no writ).

A motion for continuance seeking time to present a witness must be supported by an affidavit that describes the evidence sought, explains its materiality, and shows the party requesting the continuance used due diligence to timely obtain the requested testimony.  Texas Rules of Civil Procedure 251, 252; Landers v. State Farm Lloyds, 257 S.W.3d 740, 747 (Tex. App. – Houston [1st Dist.] 2008, no pet).  Conclusory allegations of diligence are insufficient.  If the motions for continuance does not allege facts showing diligence in attempting to procure testimony, the denial of the Motion for Continuance is proper.  See Wal-

Mart Stores, Tex., L.P. v. Crosby, 295 S.W.3d 346, 356 (Tex. App. – Dallas 2009, pet denied). "A party who fails to diligently use the rules of discovery is not entitled to a continuance." Landers v. State Farm Lloyds, 257 S.W.3d 740, 747 (Tex. App. – Houston [1st Dist.] 2008, no pet). (citing State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988). It is well established that the failure of the litigant to diligently utilize the Rules of Civil Procedure for discovery purposes will not authorize the granting of a continuance, Frisch v. J.M. English Truckline, Inc., 151 Tex. 168, 246 S.W.2d 856, 858, 859 (Tex. 1952).

The fact that Appellant had not contacted witnesses, deposed witnesses, issued and served subpoenas, undertaken discovery, or later requested hearings and produced testimony and witnesses, is a predicament of the Appellant's own making.

Further, the failure and refusal of the Appellants to respond to the discovery propounded by the Appellee and the refusal of the Appellant's current counsel to honor the Rule 11 TRCP Agreement made by prior counsel in open court on May 12, 2014, provide additional grounds for this court to not disturb the sound discretion of the trial court.

The Appellant had more than eight (8) months after the January 7, 2014 hearing at which to produce the witnesses, testimony, and documents that the

Appellant claimed to have to support her claim. The testimony of the one (1) named witness in the January 7, 2014 Motion for Continuance, Mr. Williams, would forever remain subject to exclusion under the Dead Man's Rule unless corroborated. Tex. R. Evid. 601(b). The Appellant never produced any corroborating evidence in the more than eight (8) months that passed after the January 7, 2014 hearing.

There is no basis upon which this court should reverse and remand the decision of the trial court, based upon the lack of diligence and refusal to produce documents properly requested by the Appellee.

The Appellant's Brief, at page 30, cites the trial court's acknowledgment that it did not render judgment on January 7, 2014 (RR 3: 8, lines 22-25; RR 9, lines 1-2; RR 3:14, lines 22-24).

In this appeal, the Appellant does not attack the trial court's order admitting the will to probate and appointing the decedent's brother as the Independent Executor. Rather, Appellant complains only of the trial court's denying her Motion for Continuance. It is undisputed from the record the trial court never denied the Motion, merely carried it along. Accordingly, there cannot be an abuse of discretion by the trial court for a ruling that it never made.

## ISSUE #2: TEXAS RULES OF CIVIL PROCEDURE RULE 245

As previously stated, the January 7, 2014 hearing was never set as a "final trial on the merits." The only two issues before the court that day were the granting of a temporary injunction to prevent the loss of assets and damages to the Estate of the Decedent and the consideration of the Application for Probate of the written Last Will and Testament of the Decedent.

The only reason the January 7, 2014 proceeding resulted in a final judgment nine (9) months later is because the Appellant never produced the requested discovery, never requested another evidentiary hearing, and never produced witnesses, testimony, or documentary evidence to support its claims.

The Appellant's brief directly states that the obligation lies with an appellant to affirmatively illustrate the lack of notice or compliance in Texas Rules of Civil Procedure Rule 245. Campsey v. Campsey, 111 S.W.3d 767, 771 (Tex. App. – Fort Worth 2003, no pet.) Error resulting from the trial court's failure to provide parties proper notice under Texas Rules of Civil Procedure 245 is waived if a party proceeds to trial and fails to object to the lack of notice. Interest of J. (B.B.) M., 955 S.W.2d 405, 408 (Tex. App. – San Antonio 1997, no pet.) A party may waive a complaint under Rule 245 Texas Rules of Civil Procedure by failing to take action when a party receives some but less than forty-five (45) days notice. Balogh

v. Ramos, 978 S.W.2d 696, 699 (Tex. App. – Corpus Christi 198, pet denied). The Appellant never raised the rule 245 requirement before the trial court. The first time Rule 245 of the Texas Rules of Civil Procedure was ever raised is in the Appellant's brief filed before this court.

The Appellant did not voice an objection under Rule 245 at the time that it filed its Motion for Continuance on January 7, 2014. By the clear language of Rule 245, Texas Rules of Civil Procedure, the forty-five day notice applies only to the first setting of the final trial on the merits, which was not scheduled for January 7, 2014. No error was preserved by Appellant as to Rule 245 of the Texas Rules of Civil Procedure.

## ISSUE #3:  DENIAL OF DUE PROCESS

The record clearly establishes that the trial judge never denied the Appellant's Motion for Continuance.  In fact, the record is clear that the judge carried the motion along and never ruled on the Motion for Continuance.  Because the Appellant never obtained a ruling and then voluntarily participated in the hearing without objection, calling two (2) witnesses, the Appellant waived any issue with regard to the ruling on the Motion for Continuance.

Because the court made no ruling on the Motion for Summary Judgment and because the Appellant failed to object to the Motion for Summary Judgment, the Appellant has failed to preserve any issues on appeal.

Further, because the court never entered a Judgment until September 16, 2014, there can be no issue regarding the denial of due process.  The Appellant had more than eight (8) months during which any testimony or evidence for informal marriage could have been presented to the court prior to the court's final judgment.  Failure of the Appellant to make any effort to produce such evidence in that period of time removed any issue of denial of due process from this appeal.

## ISSUE #4:  TRIAL BY CONSENT

Appellant's handwritten Answer and Contest of Will filed on December 2, 2013 alleged that the Appellant was the surviving spouse of the Decedent, Rodney Joe Knight. (CR 1:20)

On December 27, 2013, the Appellant filed an Original Response to the Contestant's Answer Appraisal and Contest of Will; Motion to Dismiss Claims in Will Contest; Application for Temporary Restraining Order; Temporary Injunction and Permanent Injunction and Counter-Claim for Attorney's Fees and Sanctions. (CR 1: 25-40).  In that Original Response by the Appellant, the Appellant denies that the Appellant is a person interested in the Will and the Estate of the Decedent and denies that the Appellant is an heir or spouse of the Decedent. Roy Knight's Original Response to the Contestant's Answer and Contest of Will pleads fully the facts and law on the issue of the alleged informal marriage between the Decedent and the Appellant.

The Appellant's Brief states at page 26 that the Appellant "reasonably believed that the question of informal marriage was not joined and the trial court's imposition of the harsh penalty of trial by consent was an abuse of discretion." However, the record of the January 7, 2014 hearing clearly reflects that counsel for the Appellant requested permission of the Court to present two (2) witnesses which request was granted by the trial court. The two (2) witnesses called by the

23

Appellant testified primarily on the issue of informal marriage. (RR 2:40 lines 6-7, RR 2:55 lines 16-17).

The Appellant, Natasha Moore, testified only briefly about the alleged theft of the original Last Will and Testament and then devoted the remainder of her testimony to answering questions from her counsel regarding the issue of informal marriage.

The other witness called by the Appellant, Vincent Rincon, sought to testify only about the issue of informal marriage between the Decedent and the Appellant.

The witnesses called by Appellant and the testimony elicited totally belie the assertion that the Appellant reasonably believes that the issue of informal marriage is not joined. (RR 2:40-55, RR 2:56-85).

The Appellant's Brief, at page 26, selectively removes statements out of context from Appellee's pleadings and then asserts that Appellee has judicially admitted that there is no issue of informal marriage.

The Motion to Dismiss Claims and Will Contest filed on May 27, 2014 by the Appellee devotes nearly two (2) full pages to a discussion of the legal requirements to establish an informal marriage. That motion points out the failure of the Appellant to establish any basis for informal marriage. (CR 1:104-108)

The Appellant's Brief suggests that the issue of informal marriage was not raised by the pleading. (Appellant's Brief, page 28). The First Amended Opposition to Probate of Will and to Issuance of Letters Testamentary filed January 7, 2014, the Affidavit of Natasha Moore concerning her alleged marriage to Rodney Joe Knight, and the Motion for Continuance filed by Appellant on January 7, 2014 raised the issue of informal marriage and plead specifically that the Appellant is the common-law spouse of the Decedent. (CR 1:53-55; CR1:56-59).

Mr. Hargraves states at the hearing on January 7, 2014 that he would like to "put on evidence that the Decedent thought the Will was destroyed." He then proceeded to call Mr. Vincent Rincon as a witness and did not ask him any questions regarding the validity of the Decedent's will or his intent to destroy it. All of the questions to Mr. Rincon by Appellant's counsel were related to the issue of informal marriage. It was the Appellant who sought to introduce testimony regarding the informal marriage at the hearing on January 7, 2014. (RR 2:39, lines 24-25; RR 2:40, lines 1, 6-7; RR 2:40-55).

The record is clear that the issue of informal marriage was plead by both parties, that the only witnesses called to testify of that informal marriage were called by the Appellant. For the Appellant to now claim that the issue was not

tried both by pleadings and at the urging of the Appellant is contrary to the Court record and is disingenuous.

Because the issue of informal marriage was plead by both parties and testimony submitted on this issue, there is no application of Rule 67 Texas Rules of Civil Procedure.

## Prayer for Relief

Premises considered, the Appellee prays to the Court to dismiss the Appeal and to affirm the judgment of the trial court in all respects.

Respectfully submitted,

Haglund Law Firm, P.C.
107 W. Kerr Avenue
P.O. Box 713
Lufkin, Texas 75902-0713
Telephone: (936) 639-0007
Facsimile: (936) 639-0016

By:   /S/ Wayne D. Haglund_____
      WAYNE D. HAGLUND
      State Bar No. 08697500
      Attorney for Appellee, Roy D. Knight, Independent Executor of the Estate of Rodney Joe Knight

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served by telecopier transmission on April 7, 2015, addressed to the following:

Gilbert Hargrave………………………… ………………..Fax: (903) 675-0209
6269 FM 2892
Athens, Texas 75752

Bill Pedersen, III………………………… …………………..Fax: (214) 630-9264
2501 Oak Lawn Avenue
Suite, 380, LB-50
Dallas, Texas 75219

By: __/S/Wayne D. Haglund_____
Wayne D. Haglund

# CERTIFICATE OF COMPLIANCE

I certify that the above brief complies with type-volume limitations in that according to the word-count program in Microsoft Word it contains 36 pages and 5,307 words, excluding exempt sections, proportionately spaced with Microsoft Office default margins using Times New Roman font in 14-point for text and 12-point for footnotes.

By: /S/ Wayne D. Haglund_____
Wayne D. Haglund

# Appendix

May 22, 2014 letter to
Wayne Haglund from Bill Pedersen…………………………………………..Tab 1

# TAB 1

# LAW OFFICE OF BILL PEDERSEN, III, PLLC

### ATTORNEY AT LAW

2501 Oak Lawn Avenue
Suite 295 – LB 50
Dallas, Texas 75219
www.bpedlaw.com

*(214)630-4554 Telephone*                                    *(214)630-9264 Facsimile*

May 22, 2014

ATTENTION: WAYNE HAGLUND                 *via facsimile @ (936) 639-0016*
Haglund Law Firm, P.C.
107 West Kerr
Lufkin, Texas 75904

  *Re: In the Estate of Rodney Joe Knight*, No. 12025, in the County Court at Law of Cherokee County, Texas

Mr. Haglund,

  My client refuses to honor the offer that Mr. Hargrave made to you at the May 12, 2014, hearing on your Motion to Compel. Mr. Hargrave made this offer without her knowledge or consent. You have said that you wanted a hearing on this office's Motion to Substitute Counsel if my client would not so agree. I therefore called the Cherokee County Court at Law, and the coordinator provided the following dates and times for that hearing:

* **Thursday June 12 at 9 A.M.,**
* **Monday June 16 at 1:30 P.M., or**
* **Thursday June 19 at 1:30 P.M.**

  If any of these dates work for you, please let me know as soon as is convenient. If not, please advise when you would be available. I have also not yet received from your office any of the discovery requests we discussed on May 14, specifically the requests which were the subject of the Motion to Compel hearing held on May 12. Mr. Hargrave has so far refused to provide the client's file to this office.

  Thank you for your continued courtesy in this matter. Please feel free to contact me with any questions or concerns.

            Sincerely,

            Bill Pedersen, III

*cc: Gilbert Hargrave via facsimile @ (903) 675-0209*